# Fennell v. Tucker.

*Petition to Probate Court for Sale of Lands for Partition among Tenants in Common.*

1. *Jurisdiction of Probate Court to order sale for partition.* — When a petition is filed in the Probate Court, by one or more of several joint tenants or tenants in common of land, asking a sale of the land for partition or division among the parties interested, and setting forth the facts which authorize the court to grant an order of sale (Rev. Code, §§ 3120–26), the jurisdiction of the court attaches, and cannot be defeated by demurrer to the petition.

2. *Amendment of petition; pleadings, and practice.* — If the petition is defective, it is amendable, like any other pleading in a civil cause; and the rules of pleading and practice in other civil cases, as prescribed by the Revised Code, so far as the same are applicable, are proper guides for the regulation of the proceedings.

3. *Adverse claim.* — An outstanding lien on the lands, under a chancery decree in favor of a person who is not one of the joint owners or tenants in common, is not affected by a sale for partition, and consequently is no bar to a decree of sale.

4. *Same.* — If one of the parties has conveyed his interest, by ante-nuptial contract, to his wife, and a chancery suit is pending between them involving the validity of the settlement, this does not make the wife's claim adverse to the other parties, nor interpose any obstacle to a sale.

5. *When sale may be ordered, if infants are parties.* — If the petition is filed by the guardian of an infant, proof must be adduced to the court, by depositions taken as in chancery cases, that a sale would be to the interest of the infant; but, if the petition is filed by one of the adult owners, such proof is not necessary, although the petition alleges that a sale would be to the interest of the infant defendants.

APPEAL from the Probate Court of Limestone.

This was an application for a sale of lands for partition or division among tenants in common, under sections 3120–26 of the Revised Code, on the ground that the land could not be equitably divided among them without a sale. The petition was filed by James T. Fennell and Edward Fennell, against William J. Tucker and his wife, Mrs. Margaret E. Tucker, and Sallie Fennell, an infant. The land had belonged to James Tucker, deceased, at the time of his death, and afterwards, by written agreement between his widow, Mrs. Judith Tucker, and his children and heirs-at-law, had been allotted to said William J. Tucker and the children of Henry Fennell, viz., said James T., Edward, and Sallie; said Tucker taking one undivided half interest, and said children jointly taking

the other half. By the terms of this agreement, which was afterwards entered up as part of the decree in a chancery suit between the parties, the land was charged with the annual payment of two hundred dollars to Mrs. Judith Tucker during her life. William J. Tucker afterwards conveyed his interest, by ante-nuptial contract, to his intended wife; and when the petition in this case was filed, a suit in chancery was pending between him and his said wife, in which she sought a divorce *a vinculo matrimonii*, and he sought, by cross-bill, to set aside the said settlement, on the ground of fraud. Separate answers were filed by said William J. Tucker and his wife, denying that there was any necessity for a sale, and insisting that the court had no jurisdiction to order a sale, on account of said pending suit and chancery decree; and copies of the proceedings in those cases were made exhibits to their answers. Mrs. Judith Tucker was made a party defendant on her own motion, and filed an answer, in which she set up the decree in chancery, and her lien under it on the lands sought to be sold, as showing that the court had no jurisdiction to grant an order of sale. In each of the answers these facts were pleaded to the jurisdiction of the court, and in bar of the relief sought by the petition; and a demurrer to the petition, on account of these facts, was incorporated in each answer. A guardian *ad litem* was appointed for Sallie Fennell, the infant defendant, who accepted the appointment in writing, and put in a formal answer, denying the allegations of the petition, and calling for proof. The depositions of three witnesses were taken, as in chancery cases, who testified that the lands could not be equitably divided without a sale. The petition alleged that a sale of the lands would be to the interest of the said Sallie Fennell, the minor defendant; but no proof was taken on this point. The decree of the court, after setting out the continuance of the cause, the appointment of a guardian *ad litem* for the infant defendant, his acceptance of the appointment, and the appearance of the parties, proceeded thus: "And the court, after carefully hearing and considering the evidence in the cause, doth order, adjudge, and decree that the answers and demurrers be sustained, and the petition dismissed, at the costs of the applicants." This decree is now assigned as error.

R. A. McClellan & S. P. Rather, for appellants. — The allegations of the petition make out a clear case for a sale, and the proof fully sustains the allegations. The parties are at least tenants in common, and there can be no adverse possession or interest between them. 4 Kent, 407; 1 Washburn on R. P. 566. Mrs. Judith Tucker's lien on the land is no impediment to a sale, since it cannot be in any manner

[Fennell *v.* Tucker.] ;

affected by a sale for partition among these parties; the purchaser would take the land subject to her lien. The litigation between William J. Tucker and his wife does not concern the other parties to this proceeding, and cannot affect their rights. The successful party in that suit would be a tenant in common with the other parties here. That litigation may last for years, or it may be by collusion between the parties themselves; and its pendency cannot be allowed to deprive the other parties in interest of their statutory rights. There is no trust estate involved. The statute seems to have been framed to meet just such cases as this, and to avoid the tedious, cumbrous, and unsatisfactory remedy in chancery. *Horton* v. *Sledge* (29 Ala. 478) and *Guilford* v. *Madden* (45 Ala. 290) are analogous cases. That it was not necessary to prove the allegation of the petition, as to a sale being for the interest of the minor defendant, see *Coker* v. *Pitts*, 37 Ala. 692.

LUKE PRYOR & WM. H. WALKER, *contra.* — When any adverse claim or title to the land is asserted, or brought to the knowledge of the court in any manner, the Probate Court has no jurisdiction to order a sale for partition. Rev. Code, § 3118. Moreover, the Probate Court has no jurisdiction of trust estates. *Wimberly* v. *Wimberly*, 38 Ala. 40, and cases there cited. That the interests of Mrs. Judith Tucker and Mrs. Margaret E. Tucker, as asserted in their answers, are trust estates, see *Wimberly* v. *Wimberly*, 38 Ala. 40, and cases cited in opinion; *Darrington* v. *Borland*, 3 Porter, 31, 32; *Forsyth* v. *Rathbone*, 34 Barbour, 388; *May & May* v. *Michael*, 18 Maryland, 227; *Pratt* v. *Thornton*, 28 Maine, 355; 2 Story's Equity, §§ 1215–21; 3 Abb. National Digest, 206, § 4. The remedy was in chancery, where the jurisdiction was ample and complete. *Oliver* v. *Jernigan*, 46 Ala. 41; *Rivers* v. *Durr*, 46 Ala. 418; *Almony* v. *Hicks*, 3 Head's (Tenn.) R. 39.

PETERS, C. J. — The Revised Code of Alabama authorizes the partition, or division, of any property held by joint owners, or tenants in common, upon application by petition in writing to the judge of probate of the proper county. This suit is a proceeding under this statute. The law conferring jurisdiction on the judges of the Probate Court for this purpose is in these words: "Any property, real, personal, or mixed, held by joint owners or tenants in common, may be divided among them, on the application of the persons entitled thereto, or any one of them, in writing, to the judge of probate of the county in which the property is. Such application may be made by the executor or administrator of a deceased person in

interest, or by the guardian of a minor or person of unsound mind." Rev. Code, § 3105. This section of the Code simply authorizes a division of the property held by joint owners, when such division can be made. But another section of the same law empowers the judge to decree and order a sale, when an equitable division cannot be made. This latter section is in these words: "Judges of the Probate Court may decree and order a sale of *all property*, whether real, personal, or mixed, held by joint owners or tenants in common, when the same cannot be equitably partitioned or divided between such joint owners or tenants in common, notwithstanding they, or any number of them, are infants or persons of unsound mind." Rev. Code, § 3120. Other sections of the Code direct the method of proceeding, and limit the jurisdiction of the court in a single instance. The limitation is thus defined: "No division or allotment can be made under this chapter, where an adverse claim or title is asserted by any one, or brought to the knowledge of the commissioners or judge of probate." Rev. Code, § 3118.

It will be seen, from the sections of the law above quoted, that the jurisdiction thus conferred upon the judge of probate divides itself into two branches: first, when the purpose of the suit is to make partition, and divide the lands among the joint owners, without a sale; and, second, when the purpose of the suit is to obtain a decree and order for the sale of the lands, when they cannot be equitably partitioned or divided among the joint owners or tenants in common. In either instance, the jurisdiction is invoked and put in force by petition in writing, by a proper party, to the judge of probate of the county in which the property is, which petition is required to set forth certain facts. In this suit, the application is to obtain a decree and order of sale, instead of an order for partition. When this is the case, the Code requires that, "upon the petition or application in writing of any of the parties mentioned in the preceding action, their guardians, or other lawful representatives, *setting forth* that such property cannot be equitably partitioned or divided without a sale of the same, the judge of probate must, upon filing of such petition, appoint a day for the hearing of such petition, not less than thirty days from its filing." The petition should also " set forth the names of all the persons *interested* in the property, and their residence, the property sought to be divided or partitioned, the interest of each person in the same, the number of shares into which it is to be divided ; and if the application be for partition of land, a full and accurate description of such land." This chapter of the Code is to be construed together as one law, and its provisions, when applicable, regulate all the pro-

[Fennell *v.* Tucker.]

ceedings under it.   9 Bac. Abr. (Bouv. ed.) p. 243, *I.* 3, and cases there cited.   In this case, the petition seems fully to comply with all the requisitions of the statute.   It also alleges that Sallie Fennell, one of the joint owners, is a minor, and that it would be to her "interest to have said land sold for such partition or division."   Such a petition is a sufficient and legal statement of the petitioners' right to the relief they ask, and it invests the court with jurisdiction to act in the premises.   It cannot, therefore, be defeated by demurrer ; and the court below, consequently, erred in sustaining the demurrer.

2. But, as the objections to the petition, and to the relief sought under its allegations, and the judgment of the court are somewhat anomalous, it is proper to add some instructions as to what may be regarded as a proper practice under this important statute.   The petition is a statement of the facts, upon which the judgment of the court is invoked.   This should contain all the allegations of facts that are required by the law to authorize the court to proceed.   If this is not done, the pleading is obnoxious to demurrer.   But, after demurrer sustained, the petitioners have the same right to amend that they would have in any other pleading.   This is a civil case, and the law of pleadings applicable to civil cases is applicable to it.   It should be " as brief as is consistent with perspicuity, and the presentation of the facts or matter to be put in issue, in an intelligible form."   Rev. Code, § 2629. And the plea, or answer to such a petition, should " consist of a succinct statement of the facts relied on in bar or abatement of the suit."   Rev. Code, § 2638 ; also, 7 Bac. Abr. (Bouv. ed.) pp. 457 *et seq., Pleas & Pleading.*   In such a suit as this, if a pleading " is unnecessarily prolix, irrelevant, or frivolous, it may be stricken out, at the cost of the party so pleading, on motion of the adverse party."   Rev. Code, § 2630.   The sufficiency of the complaint, or petition, may be put in issue by demurrer ; but the demurrer should distinctly state the objections intended to be relied on.   When this is not done, the demurrer should be overruled.   Rev. Code, § 2656.   And either before or after judgment on demurrer " the court must permit an amendment of the pleadings," if this can be made.   Rev. Code, § 2657.   Then, any fact necessary to be set forth in the petition, the proof of which is required to authorize a judgment of the court favorable to the petitioner, may be denied by plea ; or it may be shown, on suggestion to the court, that an adverse claim or title is asserted by some one, setting forth the name of the person or persons in some proper manner.   This should be done as concisely as an intelligent statement of the facts will permit, without incorporating in the plea the evidence of the facts which

[Fennell *v.* Tucker.]

are relied on to prove them, as seems to have been attempted in this case. But, whether there is any objection by way of plea, in bar of the relief asked, unless the parties are all of full age, and competent to act for themselves, and consent to a decree, the judge of probate, on the final hearing, should be "satisfied from the proof that the property described in the petition is held and owned jointly, or in common," by the parties to the suit, as alleged in the petition ; and also by " evidence taken as in chancery cases," when the application seeks a sale, " that an equitable partition or division cannot be made ; " and when the application is on behalf of an infant, or person of unsound mind, it must appear that a sale would be to the interest of the infant or person of unsound mind. Rev. Code, §§ 3108, 3123, 3124. Otherwise, the application should be denied.

3. Mrs. Judith Tucker shows no claim or title to the lands in controversy, which can be properly designated as adverse. She is one of the contestants in the court below ; and the record shows that she parted with all her title by her conveyance, and the decree in the chancery suit, to the joint owners named in the petition. Her right of lien on the land, as a security for the payment of the annual allowance to her to be paid by the joint owners of the land, as shown in her agreement with them, cannot be displaced or disturbed by the sale or partition of the land under decree of the court. Whether there is a sale or partition, the land remains subject to her lien. Rev. Code, § 3114.

4. The claim or title of Mrs. Margaret Tucker, wife of William J. Tucker, is not adverse. She is a tenant in common with the other joint owners, to the extent of her husband's right, if her title is valid. Rev. Code, § 1582. She acquired her husband's right and title to the land by his conveyance to her ; and she is the owner of his title, to the extent of her conveyance, until that is set aside. This makes her a joint owner with the other joint owners. Such a claim or title cannot be adverse to the other joint owners, else the statute itself would be without effect. Any joint tenant could defeat the division, or sale for division. This is evidently not the meaning or purpose of the statute. Tenants in common hold by unity of possession, though they may hold by several and distinct titles. 4 Kent, 367, 368, marg. ; 5 Bac. Abr. (Bouv. ed.) pp. 239, 240, *A.* If the husband of Mrs. Margaret Tucker held her title, he could not resist the application of the petitioners. Then, neither can she ; for, in her title, she holds just as he would have held.

It is not at all certain that the court, on the trial below, rendered judgment on the merits ; though it appears from the record that the evidence on both sides was submitted, and the

[Hurt *v.* Nave's Administrator.]

final decree recites that the court, " after carefully hearing and considering the evidence in the cause, doth order, adjudge, and decree that the answers and demurrers be sustained, and the petition be dismissed, at the costs of the applicants." This must be regarded as a judgment on demurrer, and possibly also on the merits. But it has already been shown that the judgment on the demurrer was erroneous. And I am not able to see how the judgment on the merits can be sustained on the evidence adduced. The proof very clearly shows that the petitioners were joint owners of the lands with the parties made defendants; it also shows that the lands could not be equitably divided; and it wholly fails to show the assertion of any adverse claim or title which could defeat the sale. It is true that it is not shown that a sale of the lands would be for the interest of the infant joint owner. But, in an application for an order to sell, this is not necessary, unless the application is made by the guardian of the minor, which is not the case here. *Coker* v. *Pitts*, 37 Ala. 692; Rev. Code, § 3122. Then, it seems, both upon the demurrer and upon the proofs, that the decree and order of the court below should have been for the petitioners, who are the appellants in this court.

The judgment of the court below is therefore reversed, and the cause is remanded for a new trial, in conformity with the law as declared in this opinion. The appellees will pay the costs of this appeal in this court and in the court below.