# Berry *v.* Webb.

*Bill in Equity for Reformation of Conveyance, and Partition.*

77   507
98   367

77   507
139  327

1. *Reformation of conveyance, and partition of lands ; jurisdiction of equity.*—A court of equity has undoubted jurisdiction to reform a conveyance of lands, by correcting a mistake in the description of the premises, when established by clear and satisfactory evidence; and to decree partition of lands between two tenants in common, although the defendant has been in possession, holding adversely, for any period less than ten years.

2. *Partition ; legal and equitable titles.*—A court of equity may decree a partition of lands, whether the title of the parties be legal or equitable; and while the practice generally is to refer the decision of a disputed legal title to the jury, the whole question is for the decision of the court when an equitable title is involved.

3. *Voluntary partition by parol.*—Whether a partition of lands by parol agreement, followed by possession taken and held, pursuant to its terms, for a period less than ten years, will bar a bill in equity for partition, is not decided.

4. *Partition refused, on account of insufficient proof of title.*—Where the complainant asserted title under a conveyance of the land to him and his sister by their father, as an advancement, and asked a reformation of the deed by correcting an alleged mistake in the description of the land intended to be conveyed; and the evidence showed that, by subsequent agreement between him and his father, another tract was conveyed to him in lieu of his interest in the first, and that possession was taken and held, pursuant to this arrangement, until after the death of the father, when complainant had the first deed recorded, and then filed his bill asking a reformation and partition; *held*, that the bill was properly dismissed on the evidence.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 8th November, 1882, by William M. Berry, against Mrs. Elizabeth Webb, who was his sister, and the other children and heirs at law of his deceased father, John Berry; and sought the reformation of a deed, by which said John Berry conveyed a tract of land to the complainant and his said sister, by correcting an alleged mistake in the description of the lands intended to be conveyed, and a partition of the lands between them. The deed, a copy of which was made an exhibit to the bill, was dated the 17th February, 1872, but was not recorded until the 16th February, 1881; and it recited as its consideration the present payment of $600 by each of the grantees. The chancellor overruled a demurrer to the bill, but, on final hearing on pleadings and proof, dismissed it; and his decree is now assigned as error.

[Berry v. Webb.]

R. C. HUNT, JNO. D. BRANDON, and LAWRENCE COOPER, for the appellant, cited *Yarborough v. Avant*, 66 Ala. 526; and *McMath v. DeBardelaben*, 75 Ala. 68.

ROBINSON & BROWN, *contra*.

SOMERVILLE, J.—The present bill is filed for the purpose of correcting an alleged misdescription of certain lands conveyed by one John Berry, in the year 1872, to the appellant, William Berry, and Elizabeth Webb, then Elizabeth Heatherington; and for the further purpose of having a partition of these lands decreed as between appellant, who was complainant in the lower court, and said Elizabeth Webb—the two grantees in the conveyance thus being averred to be tenants in common.

We entertain no doubt of the jurisdiction of the court to grant the relief prayed, notwithstanding the fact that the complainant is shown to have been out of possession for many years prior to the filing of the bill, and the defendant, Mrs. Webb, in possession holding adversely for a period of time less than ten years, so that her title had not become perfect under the influence of the statute of limitations. The correction of mistakes of description in written instruments, established by clear and satisfactory proof, so as to make them conform to the true intention of the contracting parties, is a common ground of equity jurisdiction.—*Berry v. Sowell*, 72 Ala. 14; *Alexander v. Caldwell*, 55 Ala. 517; 1 Story's Eq. Jur. §§ 165–166. So, likewise, is the partition of property owned by joint tenants, or tenants in common.—*Deloney v. Walker*, 9 Port. 497. This jurisdiction to decree partition exists, whether the title is legal or equitable. When purely legal, the practice is, often, to refer the determination of disputed titles to a jury, to be tried as an issue of fact.—Code, 1876, § 3893; *McMath v. DeBardelaben*, 75 Ala. 68. But, where the title is equitable, the whole question is for the decision of the chancellor, without the intervention of a court of law; equitable titles being peculiarly within the cognizance of courts of equity, and receiving no recognition in courts of law.—Willard's Eq. Jur. 704. It is observed in Adams' Equity (7th Amer. Ed.), 230*, note 1: "In cases of equitable estates, or defenses, chancery has, of necessity, jurisdiction over the whole matter."—Freeman on Co-tenancy & Part. § 439; *Coxe v. Smith*, 4 John. Ch. 276. This principle is clearly announced and fully recognized in *McMath v. DeBardelaben, supra*.

The defenses interposed to the bill resolve themselves into two. The first is, that the complainant had consented to a verbal partition of the lands, and that each party had occupied

their particular part of the premises in severalty, for many years; and that the division thus made, having been acted on by the parties, ought to be regarded as fair and equal by the court, so as not to be disturbed. The second is, that the complainant had failed to show that he had any. title to the lands in question, which could receive recognition in a court of equity. The chancellor sustained the first defense, and, intimating a doubt as to the sufficiency of the evidence as to title, dismissed the bill. We do not decide, at this time, that a parol partition of lands between two co-tenants, followed by less than ten years possession in conformity to it, will be sufficient to bar such a bill, or justify its dismissal.— *Yarborough v. Avant*, 66 Ala. 526 ; Browne on Stat. Fr. §§ 72, 75 ; Code, 1876, § 2121. But we are of opinion, that the decree dismissing the bill can be sustained upon the second ground of defense. We are inclined to believe, from the evidence, that the complainant had no title, having exchanged his undivided interest in these lands for the tract conveyed to him by his father, John Berry, in April of the year 1876. It is admitted, that complainant never owned anything but an equity to half of the lands in controversy, the legal title being retained in the father, by mistake, when he executed the deed of February, 1872. This property was conveyed to him as an advancement, valued at six hundred dollars, at the same time that similar advancements, valued at a like sum, were made to Mrs. Webb, and other children of the grantor. When John Berry conveyed the second tract to complainant, in 1876 – which is also recited to be an advancement valued at six hundred dollars— he (the said Berry) went into immediate possession of the tract in controversy, collecting the rents, and claiming ownership of the complainant's undivided half of it; and simultaneously the complainant himself took possession of the other tract conveyed by the deed. The grantor, about the same time, made a second deed to Mrs. Webb, conveying to her individually the same interest in these lands which was intended to be conveyed to her and complainant jointly by the deed of 1872. There is evidence strongly tending to prove that the complainant agreed to surrender the latter deed, which was in his possession; and this is corroborated by the suspicious fact, that he withheld it from the record until the death of his father, the grantor, which occurred in the year 1881, when he precipitately had it recorded. The whole transaction thus presents every evidence of an intended exchange of lands. There are, moreover, many admissions proved to have been made by complainant, to various persons, at different times, to the effect that he and his father had exchanged lands; and like declarations of the father are shown, in his presence. It is true that there are, also, ad-

[Cunningham v. Lindsay.]

missions of the father that the exchange was only of the rents; and the complainant testifies to this as a fact. A careful examination of the testimony satisfies us, that all the facts of the case better harmonize with the theory, that the parties intended an exchange of the titles of the lands, and not a mere retention of rents during the life of John Berry, as is contended. The testimony does not support the view, that the deceased intended a double portion by way of advancement of his estate to the complainant; his declarations to that effect being made in extreme old age, and when he was surrounded by influences which tended to lessen their weight as credible expressions of intention. We are of opinion that the complainant has made a contract to part with his equitable title to the lands in controversy, for which he has received full consideration; and the contract of sale being accompanied by an exchange of possessions, clearly referable to it, he has no title which will justify the relief sought by the bill.

The decree of the chancellor dismissing the bill is affirmed.