# Gore *v.* Dickinson.

*Bill in Equity for Partition of Lands Among Co-tenants; and, to Remove Cloud from Title.*

1. *Jurisdiction of Chancery Court to sell and partition lands.*—The Chancery Court is without authority to decree a sale of lands that are adversely held ; but its jurisdiction to decree partition of lands, where the complainant has immediate right of entry, is not ousted by an adverse possession for a period less than ten years.

2. *Right of co-tenant to demand partition.*—It is settled that neither the fact that inconvenience or injury will result, or mischief be entailed on the property, or, that a division may be embarrassed by difficulties will deprive a co-tenant of the right to demand a partition of the common property.

3. *Same.*—Partition is a matter of right, and may be decreed by a court of equity whether the title of the parties be legal or equitable, a decision of a disputed legal title being generally referred to a jury.

4. *Chancery Court having acquired jurisdiction on one ground of equitable jurisdiction will retain it for all purposes.*—Where the court has acquired jurisdiction of the subject matter on a special and original ground of equity, it will employ its powers to adjust all the equities between the parties.

[Gore v. Dickinson.]

5. *When averment of complainant's possession not necessary.*—When the prime object of the bill is to obtain partition of lands, and incidentally to cancel certain deeds as clouds upon the title of the lands sought to be partitioned, an averment that the complainants are in possession is not necessary.

6. *Not a resulting trust.*—The averment in a bill that a certain deed therein named was invalid for want of delivery, cannot be construed as setting up a secret or resulting trust in the grantor as contradicting the recitals in said deed.

7. *A bill for partition must be of the whole property to be divided.*—A bill by co-tenants for partition of lands must embrace the *whole* of the lands sought to be partitioned, and should not except an interest of one of the co-tenants because mortgaged by him Such mortgaged share is chargeable with its proportion of the costs of partition.

APPEAL from Calhoun Chancery Court.
Heard before the Hon. S. K. McSPADDEN.

This appeal is taken from demurrers sustained to complainant's bill. The bill was filed by Mary L. Gore and a number of others, against E. B. Dickinson, J. A. Dickinson, Wm. M. Burris and W. W. Gore. Both the complainants and defendants are the heirs-at-law of John Dickinson. The bill sought a partition of certain lands alleged to have been owned by said John Dickinson at his death, between the complainants and defendants as joint owners or co-tenants by descent. The bill further prayed the cancellation of certain conveyances, named in the opinion of the court, as clouds upon the title of the lands asked to be partitioned. These lands are described as the lands owned by said John Dickinson at his death, except that portion of them which were mortgaged by E. B. Dickinson to the Equitable Mortgage Company of Kansas—describing them.

To the bill the defendants interposed the demurrers named and considered in the opinion of the court.

SAVAGE & COLEMAN, for appellants.—(1). The bill is principally for partition, and the court taking jurisdiction on this ground will settle other questions between the parties, involved in the cause.—*Shipman v. Furniss*, 69 Ala. 555; Story's Eq. Juris., §§ 228-9. (2). The remedy for partition in the Probate Court does not oust the jurisdiction of the Chancery Court.—Code of Ala., § 3262. (3). Questions of title may be tried in the Chancery Court in suits for partition.—*McQueen v. Turner*, 91 Ala. 273; *McMath v. DeBardeleben*, 75 Ala. 68; Code of Ala. § 3588. (4). Adverse possession will not oust jurisdiction of the Chancery Court in suit for partition.—*McQueen v. Turner, supra; McMath v. DeBardeleben, supra.* (5). There is no execution of a deed till

[Gore v. Dickinson.]

delivery.—*Elsberry v. Boykin*, 65 Ala. 336; Bouvier's Dict. "Delivery;" *Stearns v. Stearns*, 150 Mass. 557, and other authorities.

S. D. G. BROTHERS, for appellee.—(1). Appellee insists that the bill is without equity because it shows that the defendants are in adverse possession of lands sought to be divided, and the bill shows no other ground of independent relief. *Daniel v. Stewart*, 55 Ala. 278; *McLean v. Presley*, 56 Ala. 211; *Plant v. Barclay*, 56 Ala. 561; *Arnett v. Bailey*, 60 Ala. 435; *Barnes v. Barnes*, 64 Ala. 375; *McEvoy v. Leonard*, 89 Ala. 455. Appellee insists that the last named case, 89 Ala., is conclusive of all the points in this case in favor of appellees on the demurrers interposed to the bill. (2). The bill attempts to set up a resulting trust in John Dickinson by contradicting the recitals of his own deed. The said John Dickinson could not do this if he were alive.—*McGee v. Rump*, 37 Ala. 651; *Houston v. Blackman*, 66 Ala. 559; *Patton v. Beecher*, 62 Ala. 579; *Williams v. Higgins*, 69 Ala. 517. Complainants have no greater rights that John Dickinson would have had in his life time.—*Hill v. Freeman*, 73 Ala. 200.

THORINGTON, J.—Appellants and appellees are the heirs at law of John Dickinson, deceased, and the bill is filed by the former against the latter for the purpose of obtaining partition of certain lands described in the bill, of which, it is alleged, their said ancestor died seized and possessed.

The essential facts according to the averments of the bill, are that the tract of land in question consisted, at the death of the common ancestor, of about eight hundred and forty acres, situated in Calhoun county, and in 1867 he and his wife executed a deed, embracing all the property, in favor of the appellees, J. A. Dickinson and E. B. Dickinson, on a recited consideration of several thousand dollars. That no consideration was paid, and that the instrument was not intended to operate as a conveyance of said lands, and it was understood that no title should pass, but that the property should continue to be the property of the grantor, and that the conveyance was never accepted by J. A. and E. B. Dickinson; the grantor, John Dickinson, as averred in the bill, remained in possession of the land, claiming and cultivating it as his own; that his possession was open, notorious, and uninterrupted, and with the full knowledge of J. A. and E. B. Dickinson, and so continued up to the time of his death,

in 1883. John A. and E. B. at no time disputed his title or possession, or set up any claim to the property.

In December, 1886, E. B. Dickinson conveyed to J. A. Dickinson and William Burris (husband of one of the appellants) an undivided three-fifths interest in a portion of the above mentioned lands, which particular portion is described in the bill. On April 10, 1886, J. A. Dickinson made a deed to E. B. Dickinson, purporting to convey the entire tract of land first herein mentioned.

On the 18th day of May, 1887, E. B. Dickinson also conveyed to Mary L. Gore, one of the complainants, and her husband, W. W. Gore, an undivided one-fifth interest in the same lands embraced in his deed to J. A. Dickinson and William Burris, and on April 28, 1890, E. B. Dickinson mortgaged to a loan company a certain other portion of the lands particularly described in the bill, to secure the sum of $1,021.21, which he received on said mortgage security.

The bill further alleges that the entire tract of land, on the death of John Dickinson in 1883, descended to his heirs, the parties to this suit, each being entitled to one-fifth interest, except Emma Oswalt, Margaret J. Gassett, Wm. W. Wells and Peter E. Wells, who represent the interest of their deceased mother. While the death of the latter is not distinctly averred, it is implied in the statement that appellants and appellees constitue all the *living* heirs of John Dickinson deceased.

It is claimed in the bill that E. B. Dickinson had received "his full share of said land by the money he has received under the mortgage above stated and is not entitled to any share in the balance," and that the deed made by E. B. Dickinson to J. A. Dickinson and Wm. Burris in December, 1886, was made with notice to the grantees that the lands therein conveyed were the joint property of the heirs of John Dickinson, and that the deed was intended as a partial settlement of the claims of the heirs and no consideration was in fact paid, but in what manner it was intended as a settlement is not stated.

It is also averred that the deed from E. B. Dickinson to W. W. Gore and Wife, was executed "under similar circumstances," and that Gore and wife never accepted said conveyance.

The prayer of the bill is for a cancellation of all the deeds mentioned in the bill, including the deed from E. B. Dickinson to Mary L. Gore, one of the complainants, and her husband. That all the lands except the part mortgaged by E. B. Dickinson to the loan company may be partitioned be-

[Gore v. Dickinson.]

tween the parties to the bill according to their several interests as stated therein, that E. B. Dickinson be required to "compensate the other heirs for their interest in the land he has mortgaged," and there is a prayer for general relief.

The defendants filed a motion to dismiss the bill for the want of equity, and also demurred on grounds which will hereinafter be noticed.

The Chancery Court sustained the demurrers and motion to dismiss and from the decree the appeal is taken.

According to the decisions of this court the Chancery Court, like the Probate Court in the exercise of the statutory jurisdiction to sell land for distribution, or equitable division, is without authority to decree a sale of lands that are adversely held; but the jurisdiction of a court of equity to decree partition of lands, if the complainant has an immediate right of entry, is not ousted by the mere circumstance of an adverse possession for any period less than ten years. In the case of *McMath v. DeBardelaben*, 75 Ala. 68, it is said: "The court has full power to avail itself of the aid of a jury. . . . . . . The very purpose of the statute is the enlargement of the jurisdiction of the court, rendering the remedy more efficacious and complete. If upon the face of the bill, the fact of the adverse possession of the defendant had not been disclosed, if it had been first made apparent by the answer of the defendant, pleading or averring it in opposition to, or denial of the title of the complainant, there can be no ground for saying that it would have affected the jurisdiction. The statute could "not have been obeyed, unless the court had entertained jurisdiction, calling in, if necessary, the aid of a jury. That the fact appears from the face of the bill is not material; the jurisdiction of the court is plenary for the determination of its effect." And in *Berry v. Webb*, 77 Ala. 507, it is said, "We entertain no doubt of the jurisdiction of the court to grant the relief prayed, notwithstanding the fact that the complainant is shown to have been out of possession for many years prior to the filing of the bill, and the defendant . . . in possession holding adversely for a period of time less than ten years so that her title had not become perfect under the influence of the statute of limitations."—Code, § 3588. Freeman on Coten. & Part. §§ 449, 450; *McQueen v. Turner*, 91 Ala. 273.

So also it is settled that neither the fact that inconvenience or injury will result, or mischief be entailed upon the property, or that a division may be embarrassed by difficul-

[Gore v. Dickinson.]

ties, will deprive a co-tenant of the right to demand a partition of the common property.

It is a matter of right, and may be decreed by a court of equity whether the title of the parties be legal or equitable, the practice, generally, being to refer the decision of a disputed legal title to a jury, but when an equitable title is involved the whole question is for the decision of the court. *Donnor v. Quartermas*, 90 Ala. 164; *Berry v. Webb*, 77 Ala. 507.

And the court having acquired jurisdiction of the subject matter on a special and original ground of equity, "it will employ its powers to adjust the equities between the parties, growing out of their ownership of and relation to the property, and the connection of their interests with these of their co-tenants, and with the general right or equity of the complainant."—*Marshall v. Marshall*, 86 Ala. 383.

If the averments of appellants' bill are true, as we must assume on demurrer, and motion to dismiss the bill for the want of equity, the deed alleged to have been made by John Dickinson, (the common ancestor through whom all the parties claim title) to John A. Dickinson and E. B. Dickinson in 1867, was inoperative and void for the want of delivery and acceptance. Delivery is indispensable to the valid execution of a deed and it is only from the delivery that it takes effect and becomes an irrevocable conveyance.—3 Brick. Dig. p. 298, § 25.

Had that deed, however, been effectual to pass title to the property from John Dickinson, such title, according to the averments of the bill, was divested by the adverse possession and claim of John Dickinson, with the knowledge of John A. and E. B. Dickinson, from 1867, the date of the deed, until the death of John Dickinson, in 1883, and consequently, he died seized and possessed of the land. Upon his death the title devolved upon such of the parties to the bill as were his heirs at law, each being vested with an undivided one-fifth interest, except the children of Mrs. Wells, who, together, represent the one-fifth interest of their deceased mother.

That subsequent to the death of John Dickinson and the devolution of the title upon the heirs, as above shown, some of the co-tenants have executed conveyances among themselves to portions of the property, or that adverse possessions have arisen which have not continued a sufficient length of time to perfect the statutory bar, can not deprive the complainants, as we have shown, of their right to demand a partition of the common property.

[Gore v. Dickinson.]

The court having acquired jurisdiction of the main question—the real subject matter—it will ascertain the validity and extent of such conveyances, and so mould and adjust its decree as to meet all the equities of the parties growing out of their ownership of, and relation to the property.—17 Amer. & Eng. Encyc. of Law, pp. 754, 755.

The prime object of the bill is to obtain partition of the property; and the cancellation of the deeds, mentioned in the bill; as clouds upon the title is only incidental and designed to make the partition more effective. All the conveyances sought to be cancelled are made by and to some of the co-tenants simply having the effect to change their relation to the common property, or specific portions thereof, and which the court can adjust in connection with the general right or equity of the complainants.—*Marshall v. Marshall*, 86 Ala. 383.

The bill being for partition, and the conveyance sought to be cancelled, as a cloud on the title, being of the nature above set forth, it was not necessary that the bill should contain an averment that complainants were in possession of the property, as it would have been, had the removal of the cloud been the sole ground of equity. The authorities cited by appellant's counsel apply to a bill of the latter kind, but not to a bill for partition.

The demurrers on this ground, and also on the ground that the bill shows the property is held adversely to complainants, should not have been sustained.

The grounds of demurrer that complainants have an adequate remedy at law, and that the bill seeks to try the title to the property, were also improperly sustained.

In all suits for partition, the title, whether legal or equitable, is, to some extent, drawn in question either directly or indirectly. The jurisdiction, if the title be legal, is concurrent with that of courts of law, and until the jurisdiction of the latter has been put in exercise, the court of equity will intervene though no special cause of intervention may be shown. If a question arises involving the equitable title the court of equity decides it, the recognition and enforcement of such a title being peculiarly and exclusively within the province of that court.

If the question is one of fact, it will not oust or exclude jurisdiction, but is merely cause for directing the issues of fact to be determined in a court of law and that proceedings be stayed until they are determined. These principles are declared in the case of *McMath v. De Bardelaben, supra.*

The only remaining grounds of demurrer are that the

24–98.

[Gore v. Dickinson.]

bill seeks to set up a secret or resulting trust in John Dickinson, by contesting the validity of his deed; and that the bill seeks to establish such a trust by contradicting the recitals of said deed.

These grounds of demurrer can not prevail for the reason that they are based upon a misapprehension of the bill; it does not seek to enforce a secret or resulting trust but claims that the deed never became operative as a conveyance, for the want of delivery, and also that conceding it to have been a valid conveyance, the title to the property was afterwards re-acquired by John Dickinson, by adverse possession.

These two grounds of demurrer should also have been overruled.

There is a defect, however, not covered by the demurrers, which it is proper for us to notice. The bill seeks partition of only part of the land, viz: That part not covered by E. B. Dickinson's mortgage to the trust company, and to compel him to compensate his co-tenants for their interest in the property so mortgaged by him. There is no principle of equity which would authorize complainants to treat the mortgage as a sale of the lands mortgaged, and to ask the court to compel their co-tenant John A. Dickinson, one of the defendants, so to elect, and to compel E. B. Dickinson the mortgagor to compensate them "for their interest in the lands he has mortgaged."

This mortgage conveyed no title to the lands embraced in it except such as E. B. Dickinson, himself, had; it did not convey or affect complainants' title or rights; they have nothing to do with it, but in the event of partition the statute takes care of it.

The bill should have sought a partition of the entire tract of land including that mortgaged by E. B. Dickinson, and upon such partition the mortgage, by virtue of the statute, thenceforth would be a charge only on the share assigned to E. B. Dickinson, the mortgagor, such share being first charged with its due proportion of the costs of the partition. Code, 1886, § 3,247; 17 Amer. & Eng. Encyc. of Law, 752.

The bill having equity in so far as it seeks partition, and no objection having been raised by demurrer to that part of the bill which seeks to have E. B. Dickinson, compensate his co-tenants for their interest in the property mortgaged to the loan company, it was error to dismiss the bill for the want of equity, and the decree of the Chancery Court must be reversed, and the cause remanded when the bill may be amended to conform to this opinion.

Reversed and remanded.