# Mylin *et al. v.* King.

*Bill in Equity by Tenant in Common for Sale of Property for Partition and Division.*

1. *Contract; can be altered or rescinded by mutual agreement.* Parties to a contract may, at pleasure, alter, modify or rescind such contract, without any new consideration therefor, if the alteration, modification or rescission is supported by their mutual assent.

2. *Tenants in common; rescission of contract for sale between co-tenants; right of partition not affected thereby.*—Where three tenants in common, owning equal undivided one-third interests in the common property, enter into a contract, whereby one of the co-tenants agrees to sell to the other two, his undivided one-third interest, each of the purchasers to pay a certain stipulated amount for said interest, it is competent for the vendor co-tenant and one of the purchasing co-tenants, by mutual assent, to rescind and cancel said agreement, so far as such purchasing co-tenant is concerned; and the fact that said agreement is so cancelled by mutual assent, does not

[Mylin *et al.* v. King.]

prevent the purchasing co-tenant who rescinded said agreement, from maintaining a bill to have the common property sold for partition and division.

3. *Bill by co-tenant for sale for partition and division; pendency of another suit as to same land no cause to suspend execution of decree.*—Where, upon a bill filed by a co-tenant to have the property owned in common with other co-tenants sold for partition and division, a decree of sale is rendered, the fact that there was pending in the same court a cause of action between the same parties involving the title to the same property, constitutes no ground to suspend the execution of the decree of sale as rendered, where it was shown that the parties had never moved the court to consolidate the two cases, and the court did not deem it necessary to the ends of justice, to make an order of consolidation of its own motion; and a motion to suspend the execution of the decree, upon the ground of the pendency of said suit, is properly overruled.

4. *Equity pleading; when no special plea shown.*—While the defendant in a chancery suit may interpose a defense by an independent plea pleaded separately from the answer, or incorporated as an independent plea in the answer, yet, the mere averments in the answer as a part thereof, of a general defense to the bill, can not be set up as a plea in equity; and the fact that the defendant employs the language that "he avers, says and pleads" the facts stated, does not characterize the averment as a plea, when it is shown that it was not incorporated in the answer as a plea, and was not presented by way of an independent plea.

5. *Tenants in common; partition matter of right.*—Partition of property owned in common by co-tenants is a matter of right, and may be decreed by a court of equity, whether the title of the parties be legal or equitable; and the fact that inconvenience or injury may result or mischief may be entailed upon the property, or that the partition or division may be embarrassed by difficulties, does not deprive a co-tenant of the right to demand a partition of the common property, nor does the fact that there is a lien on the interest of one of the co-tenants affect the complainant's right to a sale.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellee, Sarah R. King, against the appellants, Amos H. Mylin and George A. Hill. The purpose of the bill and the facts of the case are sufficiently stated in the opinion.

The appeal is prosecuted from a decree granting the relief prayed for and ordering a sale of the common property for division.

KNOX, DIXON & BURR, for appellants.—Under the facts set forth, the hearing of this cause should have been stayed and the same consolidated with the case of Hill and Mylin against Sarah R. King.—*Ex parte Brown,* 58 Ala. 536; 20 Encyc. Pl. & Pr. 1252; 4 *Ib.* 689.

The defense set up in the answer against the sale on account of the agreement existing between the parties was sufficient.—21 Amer. & Eng. Encyc. of Law, (2d ed.) p. 153; *Tartshaw's Appeal,* 9 Am. St. Rep. 76.

Even if the same was not sufficient, being set up in the nature of a plea incorporated in the answer, and being proven, the bill should have been dismissed.—*Tyson v. Decatur L. Co.,* 121 Ala. 414.

The right to sell land for division is statutory and rests largely in the discretion of the court.—Code, § 3187; *Lynn v. Kelly,* 80 Ala. 135.

J. J. WILLETT and ALEXANDER KING, *contra.*—The respondents did not present a defense by special plea. *Stein v. McGrath,* 128 Ala. 175; *Tyson v. Decatur L. Co.* 121 Ala. 414.

The fact that one tenant in common has only an equitable interest in the common property, does not present a bar to his co-tenant's right to have a decree of sale rendered for partition and division.—*Berry v. Webb,* 77 Ala. 507; *Gore v. Dickinson,* 98 Ala. 363.

And the fact of there being a lien against the interest of any one of the co-tenants does not affect complainant's right to a sale.—*Inman v. Prout,* 90 Ala. 362.

There is no merit in the claim of respondents that "it would be inequitable, unjust and improper that a sale for a division be now made." That does not affect the complainant's right to have the same.—*Cates v. Johnson,* 109 Ala. 126. Partition or sale is a matter of right. *Gore v. Dickinson,* 98 Ala. 363.

HARALSON, J.—Complainant, Sarah R. King, filed her bill averring the tenancy in common with Amos H. Mylin and George A. Hill, of the premises described in the bill, each being the owner of an undivided third interest therein; that the land could not be fairly and equitably divided in kind between the joint owners, and that a sale thereof was necessary in order to effect its division. By an amendement of the bill, the facts relied on to show that the land was incapable of partition in kind, and, therefore, a sale was necessary for that purpose, are clearly and fully stated.

The original bill set out the existence of an executory contract between the parties, of date the 15th of May, 1900, by which, as averred, complainant advanced to and for said Geo. A. Hill, the sum of $1,871.67, and prayed, in addition to the prayer for a sale of the premises for partition and a division of the proceeds of the sale among the joint owners, and for general relief, that a lien be declared in her favor against the interest of said Hill in said lands. By the amendment of the bill, all that part of it, including the prayer which related to the said contract of May 15, 1900, was stricken, leaving the bill as simply one for a sale for partition. That part of the original bill and its prayer which was stricken was of so easy identification as did not require it to be set out *in haec verba*. Under the bill as it stood, after amendment, each of the three parties to it were averred to be tenants in common of a third interest in the lands, and, as stated, sought a sale for partition.

The defendants answered the bill, and denied that the property could not be equitably divided in kind. This question may be here disposed of and eliminated from further consideration, by stating that it has been made clearly to appear from the evidence, that the parties owned the property as tenants in common, each owning a third undivided interest, and that it was not susceptible of an equitable partition in kind. The averments of the bill as to this fact are fully sustained by, and without conflict in, the evidence. Defense is made, however, against the decree of sale on grounds to be now considered.

[Mylin *et al.* v. King.]

The defendant Mylin, the only one appealing, sets up in his answer,—to employ the statement of his counsel in brief,—"that Hill had no interest except to an equitable interest in the land; that he, Mylin, owned a third interest together with an interest in Hill's one-third interest; that complainant had together with him purchased Hill's interest in this property, and that the conditions under which they purchased it were such as prevented the complainant from filing a bill to sell for division, she agreeing jointly with Mylin to pay so much per year upon the purchase money, the legal title to remain in Hill until the same was purchased and that Hill had made a deed and filed the same in escrow in order to have the conditions thereof carried out; that he, Mylin, had performed the conditions of this agreement and that under the circumstances it would be inequitable to allow the complainant to sell this land for division, thus to deprive him of the right to purchase Hill's interest as he had agreed to purchase the same."

The defense grows out of an agreement entered into between the parties,—complainant Mylin and Hill,—on the 2d of January, 1901, for the sale of his one-third interest in the lands in question by Hill, to complainant and Mylin on the terms therein mentioned, to become binding on the parties on the due execution thereof. This agreement so far as complainant was concerned, was never executed; but, by an agreement afterwards mutually had between her and Hill, and at his instance and request, as the evidence clearly shows, it was agreed between them, so far as they were concerned, that this contract should be rescinded and cancelled and held for naught. This was competent to be done, the law being that parties may, at pleasure, alter, modify, or rescind a contract, without any new consideration therefor, if the alteration, modification or rescission is supported by their mutual assent.—3 Brick. Dig. 132, § 146; *Hembree v. Glover*, 93 Ala. 622.

Mylin would not consent to rescind this agreement; but that had no effect on the right of Hill and complainant to do so. Between Mylin and complainant, in their obligations to Hill under this contract, it was several as

well as joint. The effect of the cancellation of it by complainant and Hill, was to release complainant from Hill, and Hill from her, from its terms, leaving complainant as the owner of a third interest in the lands, with no interest in or right to Hill's third interest, and with the contract as between Hill and Mylin still in existence,— with Mylin already an independent owner of a third interest in the lands. If he performed his part of the contract with Hill, he became thereby the equitable owner of a third, at least, of Hill's third interest in them. In other words, the rescission between complainant and Hill of their executory agreement, did not alter, nor was it intended to do so, the legal or equitable relations of Mylin and Hill under that agreement. Complainant was under no obligation, by the terms of the instrument, not to cancel it so far as she was concerned. It is difficult, therefore, to see how this agreement, rescinded as it was, between Hill and complainant, operates to deprive the complainant of her right to partition under her bill. Under the decree for the sale of the lands, which on final hearing the court made, Mylin and Hill, or either of them, have as ample opportunities to purchase and protect themselves, thereby, as complainant has. If the lands are purchased by an outsider, the complainant could get no more than a third of the proceeds of sale, and Mylin and Hill would be entitled to the remainder, as their interests might be made to appear.

The decree of sale was rendered in this case, in vacation, and was filed on the 5th day of May, 1902, but the register was directed to take no steps to make said sale, until after the next term of the court. On the 16th of that month, the defendants filed a motion to suspend the execution of said decree, until a decision was reached "in the cause wherein Geo. A. Hill and Amos H. Mylin are complainants and Sarah R. King is respondent," pending in said chancery court, on the ground, that the title to said property is involved in said case, "the question involved being as to whether or not anything is due to said Sarah R. King, or whether she has a lien on the one-third interest in said lands owned by Geo. A. Hill,

which one-third interest is decreed to be sold in this case." The motion also set up said agreement on the 2d of January, 1901, already referred to, as a reason why said decree of sale should not be enforced. That motion was the subject, on its submission, of a decree thereon by the chancellor, in which he stated, that the other case pending between the parties, related in some respects to the same property as that involved in this suit, but that the parties had never moved the court to consolidate the two cases, and the court had not deemed it necessary to the ends of justice to make an order of consolidation of its own motion; that in the absence of an order of consolidation, it appeared that the two cases should be permitted to proceed, the one unaffected by the pendency of the other; that the decree sought to be stayed was rendered in vacation and no motion or application for a rehearing was made, at the next term, although in the decree rendered, the register was directed "to take no steps towards said sale until after the next term of the court;" that this order was inserted in said decree, "in order that respondents might, if they so desired, apply for a rehearing, and then for an order of consolidation; that during the same vacation in which a decree was rendered in this case, a decree was rendered on demurrer to the other bill referred to in said motion, and from that decree these respondents appealed to the supreme court, and this they did, before they asked for a stay of the decree of sale in this case." The register was ordered to proceed to execute the decree of sale renderd in this cause, and report his action to the court as therein directed.

In the decree of sale, it was directed that any party to this suit may become the purchaser, and all other questions than the ones passed on were reserved. We fail to discover wherein the decree of sale, or in refusing to stay the sale under it, as moved for, the court committed any error.

It is contended by appellant Mylin, who appealed for himself and Geo. A. Hill,—the latter assigning no errors,—that he filed a plea in the cause, which was not set down for hearing, and the same was fully proved, and on that account, he is entitled to a reversal of the cause.

[Mylin *et al.* v. King.]

The only thing bearing the semblance of a plea by him, as found in his answer, is the averment: "Respondent avers that complainant cannot have this land sold for division during the pendency of this agreement (of the 2d of January, 1901), without she pays, as she has a right to pay, all of the amounts due under said agreement for the purchase money of the said Geo. A. Hill's interest, then respondent says, the property will be owned jointly by him and the complainant, and the respondent avers, says and pleads, that the complainant is estopped, on account of the contract which she has made for the purchase of this land jointly with him, to maintain this bill, and that it would be inequitable and unjust to allow her to sell this property until the contract for the same is carried out and perfected." This was in no proper sense a plea in equity. It is no more than averment in the answer. The language employed in the answer to the first paragraph of the bill is, "that he avers, says and pleads." The word "pleads," as here used, means no more than the preceding words "avers" and "says," and signifies no more than they would, to characterize the language as a *plea,* than if the word had not been used. At most, the averment is no more than a statement of general defense to the bill, set up in the answer. The defense was not set up by way of independent plea, nor was it incorporated in the answer as a plea. A defendant may, as provided by statute, (Code, § 699), incorporate all matters of defense in his answer, and is not required to plead specially in any case; yet, as was said in *Stein v. Mc-Grath,* 128 Ala. 182, "If he wished to take advantage of the principle laid down in *Tyson v. Decatur Land Co.,* (121 Ala. 414), he must do so by independent plea incorporated as such in the answer, or separately pleaded. By so doing, the attention of the party is called to it, when he may take issue, or test its sufficiency by other proper pleading," etc.—*Furguson v. O'Harra,* Fed. Cases, No. 4740 (Peters C. C. 493.)

As applicable to the case it may be added, that partition is a mateer of right, and may be decreed by a court of equity whether the title of the parties be legal or

[Henderson *et al.* v. Wilson.]

equitable, and the fact that inconvenience or injury will result or mischief be entailed on the property, or that a division may be embarrassed by difficulties, will not deprive a co-tenant of the right to demand a partition of the common property.—*Berry v. Webb*, 77 Ala. 507; *Gore v. Dickinson*, 98 Ala. 363; *Donnor v. Quartemas*, 90 Ala. 164. Nor does the fact that there is a lien on the interest of one of the co-tenants, affect the complainant's right to a sale.—*Inman v. Prout*, 90 Ala. 362.

Discovering no error in the decree of the court, it is affirmed.