17 So.2d 157

## BARKER et al. v. BARKER et al.

### 6 Div. 173.

Supreme Court of Alabama.

March 9, 1944.

W. C. Rayburn, of Guntersville, for appellants.

Griffith & Entrekin and F. E. St. John,. Jr., (guardian ad litem for Elzie Cook), all of Cullman, for appellees.

LIVINGSTON, Justice.

The trial court sustained demurrers to a cross-bill, and respondents and cross-complainants appealed. Section 755, Title 7, Code of 1940.

The bill of complaint filed by Lillie Mae Barker and Ethelene Barker, by next friend, against S. J. Barker, J. E. Barker and Elzie Cook, a non compos mentis, seeks the sale for division of certain lands described therein.

By amendment, Lillie Mae Barker, as administratrix of the estate of W. N. Barker, deceased, was added as party complainant. The purpose of the amendment was to subject the interest of J. E. Barker in the lands to the payment of an indebtedness due to the estate of W. N. Barker, de-

ceased, and secured by a mortgage on said interest. Complainants are the children of W. N. Barker, deceased.

The respondents S. J. Barker and J. E. Barker answered the bill, and made their answer a cross-bill. The answer admits that complainants and respondents are joint owners and tenants in common of the land involved.

In substance the cross-bill alleges that W. G. N. Barker owned the lands involved at the time of his death in 1923; that he died intestate, leaving surviving a widow, Sarah M. Barker, and four children, namely, W. N. Barker, S. J. Barker, J. E. Barker and Elzie Cook: that Sarah M. Barker died intestate June 12, 1942, and that S. J. Barker is the administrator of her estate. At the time of the death of W. G. N. Barker in 1923, the lands were subject to a valid unpaid mortgage executed by W. G. N. Barker and wife Sarah M. Barker: that after the death of W. G. N. Barker, his widow Sarah M. Barker made payments on said mortgage up to May 6, 1941, at which time she paid the balance due on said mortgage, in the sum of $416.00, and the mortgage was transferred to her.

The cross-bill prays that the court will decree:

"That the said Sarah M. Barker had the right to pay off said lien on the land involved in this suit.

"That it be referred to the register of this court to ascertain and report to the court as soon as may be the amount due on said mortgage at the time of the death of said N. G. W. (W. G. N.) Barker, on February 2, 1923, together with interest thereon.

"That out of the proceeds of the sale of said land, if sold for division, pay to S. J. Barker, as the administrator of the said Sarah M. Barker, deceased, the full amount of the lien discharged by her, together with the interest thereon." And for general relief.

The cross-bill was amended as follows:

"Comes now Jesse Barker, individually, and after leave of the court first had and obtained, amends his cross-bill in said cause to propound his claim, which is filed in the Probate Court of Cullman County, against the estate of Sarah M. Barker, deceased, for services rendered in taking care of said Sarah M. Barker, deceased, and amends the prayer of said cross-bill as follows: 'That on the final hearing of this cause this Honorable Court will grant a decree giving the cross-complainant, Jesse Barker, a lien for board and looking after the said Sarah M. Barker, for any funds that would be due said Sarah M. Barker's estate, a copy of which claim has been duly filed in the Probate Court of Cullman County, Alabama, a copy of which is hereto attached and asked to be taken and considered along with this amendment the same as if set out in full in said amendment.' "

Although the amendment states that a copy of the claim is attached to and made a part of the amendment, the record shows otherwise.

S. J. Barker, as administrator of the estate of Sarah M. Barker, deceased, is not made a party to the suit by interpleader, or otherwise. For aught that appears, the administration of the estate of Sarah M. Barker is still pending in the probate court. So long as it is so pending, the equity court is without jurisdiction to adjudicate as to the existence or non-existence of a claim against it. Moreover, the general principle is now well established in this State that when a child furnishes articles of necessity and services, including board and attention, to a parent, the prima facie presumption is that they were gratuitous. But this presumption may be overcome by a contract expressed or implied to pay for them. Duncan v. Johnson et al., 239 Ala. 183, 194 So. 528; Lowery v. Pritchett, 204 Ala. 328, 85 So. 531; Nelson v. Nelson, 210 Ala. 592, 98 So. 885.

For aught that appears the services rendered Sarah M. Barker by her son S. J. Barker were gratuitous, and her estate is not liable therefor. Therefore, on the record, no debt is owing to S. J. Barker by the estate of Sarah M. Barker.

Partition is a matter of right, and the fact that all or part of a tract of land held in cotenancy is subject to liens or incumbrances does not affect the right of the cotenants to have it partitioned. Mylin v. King, 139 Ala. 319, 35 So. 998; Gore v. Dickinson, 98 Ala. 363, 11 So. 743, 39 Am. St.Rep. 67; Inman v. Prout, 90 Ala. 362, 7 So. 842; Fennell v. Tucker, 49 Ala. 453. And an outstanding lien on lands in favor of a person who is not one of the joint owners or tenants in common is not affected by a sale for partition, and consequently is no bar to a decree of sale. Fennell v. Tucker, supra.

The facts alleged in the cross-bill entitle cross-complainants to no relief what-

ever. The demurrers were properly sustained.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.