88 So.2d 775

**Frank Underwood LEONARD et al.**

v.

**Rosetta Small MEADOWS et al.**

6 Div. 8.

Supreme Court of Alabama.

June 21, 1956.

A. Leo Oberdorfer and Griffin Lamkin, Birmingham, for appellees.

Edw. T. Rice, Birmingham, for appellants.

MERRILL, Justice.

This appeal is taken from a decree of the Circuit Court of Jefferson County, in Equity, sustaining the demurrer of Lela Small, individually and as executrix of the will of Will Small, deceased, to the bill of complaint, as last amended, which sought a sale for division of a lot in Jefferson County.

We quote from appellants' brief:

"The bill of complaint as last amended, alleges, among other things—

"(a) That the complainants are the owners of an undivided one-half interest in and to the lot described.

"(b) That Rosetta Small Meadows and Allen Small each own an undivided one-fourth interest therein, subject to the life estate of Lela Small in and to the said undivided interests of the said Rosetta Small Meadows and Allen Small; that the said Lela Small is the Executrix of the last will and testament of Will Small, deceased, letters testamentary having been issued to her by the Probate Court of Jefferson County, Alabama, on June 16, 1949; that the said Will Small died on, to-wit, April 30, 1949, seized and possessed of an undivided one-half interest in and to the said lot, and a copy of his said will is exhibited to the bill of complaint, through which the defendants derive their title; that the administration of the estate of the said Will Small is still pending in the Probate Court.

"(c) That claims of creditors against the estate of the said Will Small have been filed in the office of the Probate Judge of Jefferson County, Alabama, aggregating, to-wit, $778.45, and that said claims remain unpaid.

"(d) That the said undivided half interest of the appellants (complainants) was not derived or obtained through the the said decedent, Will Small, or his estate, and that the complainants are seeking to have the said land sold for division as a matter of right, and praying the Court to adjust all equities between, and determine all claims of, the several co-tenants, as provided by law and by statute in such cases made and provided.

"(e) That the said lands cannot be equitably divided without a sale thereof."

The last will and testatment of Will Small devised all the decedent's property to his wife Lela, for her natural life, and at her death to his children, respondents, Allen Small and Rosetta Small Meadows.

█ Several grounds of demurrer raised the point that the bill showed on its face that an administration proceeding on the estate of Will Small is pending in the probate court; that the probate court is the proper forum, and that a court of concurrent jurisdiction will not interfere since jurisdiction had already attached in the probate court. The decree of the lower court was based on these grounds and the cases of Jordan v. Jordan, 251 Ala. 620, 38 So.2d 865, 867, and Barker v. Barker, 245 Ala. 344, 346, 17 So.2d 157, are cited in the opinion and decree sustaining the demurrer. The Jordan case supra is authority for the proposition " * * * that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of concurrent jurisdiction will interfere in the absence of a showing that some special equity exists in favor of the complaining parties with which the court first taking jurisdiction is without authority to deal." But that principle does not mean that the jurisdiction of the probate court is exclusive as to all questions affecting the estate merely because the administration is pending in that court. The Jordan case can be distinguished from the instant case in three respects: (1) In that case, "the administration of said estate was still pending in the probate court and the administrator was not made a party to the bill"; (2) "the bill avers that the complainant and defendants named are the only heirs at law and the widow of said decedent"; (3) the land involved was wholly owned by the decedent and all the parties derived their title from said decedent.

In the instant case the executrix is made a party. The appellants do not derive title to their moiety from or through Will Small, or his estate, and although joint owners

with his devisees, they are strangers to his estate and are not concerned with the administration of his estate in the probate court. We would not be understood as intimating that a suit for division in equity could oust the jurisdiction of the probate court where a sale for the payment of debts, or sales for partition or division already had been begun in the latter court under appropriate statutes.

In its opinion the lower court stated: "It affirmatively appears that there is a substantial amount of claims on file, and the matter of their validity, and whether or not they may be a charge upon non-exempt realty, should be determined in the Probate Court. Barker v. Barker, 245 Ala. [344] 346, 17 So.2d 157." The mere fact that there are unpaid claims is not of itself sufficient reason for denying a court of competent jurisdiction the right to proceed. The duty of the court in that event is discussed in the last two paragraphs of Nelson v. Atkins, 215 Ala. 88, 109 So. 882.

We do not think Barker v. Barker, supra [245 Ala. 344, 17 So.2d 158], cited by the lower court is an apt authority. True, the following appears in the opinion and supports the first headnote:

"S. J. Barker, as administrator of the estate of Sarah M. Barker, deceased, is not made a party to the suit by interpleader, or otherwise. For aught that appears, the administration of the estate of Sarah M. Barker is still pending in the probate court. So long as it is so pending, the equity court is without jurisdiction to adjudicate as to the existence or non-existence of a claim against it."

■ Certainly the equity court could not adjudicate as to the existence of a claim against the estate of a cotenant where the administrator of that estate was not a party to the suit. In the instant case the executrix of the estate which has claims filed against it is a party to the suit. Also in the Barker case, supra, this statement is made: .

"Partition is a matter of right, and the fact that all or part of a tract of land held in cotenancy is subject to liens or incumbrances does not affect the right of the cotenants to have it partitioned. Mylin v. King, 139 Ala. 319, 35 So. 998; Gore v. Dickinson, 98 Ala. 363, 11 So. 743, 39 Am.St.Rep. 67; Inman v. Prout, 90 Ala. 362, 7 So. 842; Fennell v. Tucker, 49 Ala. 453."

Reverting again to the case of Nelson v. Atkins, supra, the question there decided is just the reverse of the one presented here. There, the administration had been removed from probate court to the circuit court, but on a petition to sell the lands for division filed in the probate court, that court ordered the sale of the land. On appeal this court said [215 Ala. 88, 109 So. 883]:

"The question presented for decision, in its ultimate form, then, is not whether the power of sale vested in the executors by the last will and testament of deceased stood in the way of the petition for a sale, but whether the pendency of the administration in the circuit court to which it had been removed— as the probate court knew from its own records—stood in the way of a sale for partition in the probate court, according to the provisions of section 9322 of the Code. [Title 47 § 210 Code 1940.]

\* \* \* \* \* \*

" \* \* \* The court here is now of the opinion that the probate court had jurisdiction of the petition for a sale of the land for division, that the court correctly found that partition in kind could not be had, and that, for aught appearing, the court properly ordered the sale. Its decree to that effect will be affirmed."

■ The case of Chambliss v. Derrick, 216 Ala. 49, 112 So. 330, 332, while not factually identical with the instant case, does state the following principles which are applicable here:

"Partition of lands held by tenants in common is a matter of right, regardless of the inconvenience resulting to

joint owners. The right to sell for division is conditioned upon averment and proof that the property cannot be equitably divided in kind. When this condition appears, the right to sell for division is a matter of right. In other words, the right of partition in one or the other methods provided by law is of right. Joint ownership is not compulsory. Kelly v. Deegan, 111 Ala. 152, 156, 20 So. 378; Wood v. Barnett, 208 Ala. 295, 298, 94 So. 338. The right is not defeated because the widow or minor children of a deceased tenant in common have a homestead right in his moiety.

\*   \*   \*   \*   \*   \*

"But the statute is not intended to enlarge the homestead right as against tenants in common with the decedent, strangers to his estate. As to them, the right of partition still exists. Otherwise, by a succession of the widows' homestead rights in fractional interests, the property might never be partitioned."

In the Nelson case supra, "all parties claimed as devisees under the will" of the decedent who wholly owned the land, and this court showed how provision could be be made for liabilities or charges against the estate when the land was sold for division.

But in the instant case there could be no liabilities against the undivided half-interest owned by appellants except their proportionate part of the costs of this proceeding. Any claims filed against the estate of Will Small would be a charge against the proceeds of the sale paid over to his executrix.

The circuit court in equity has original jurisdiction to sell for division lands held by tenants in common, Title 47, § 186, the power to determine questions of title, adjust the equities between cotenants, and since 1920, to determine all questions as to dower and curtesy. Title 47, § 189, Code 1940.

Here the bill shows that complainants are strangers to the estate of the decedent, under whom the other cotenants

claim; that the executrix of the estate against which claims have been filed is made a party, as required, Rehfuss v. McAndrew, 250 Ala. 55, 33 So.2d 16; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; and contains the necessary allegations that the lands cannot be equitably divided without a sale thereof. Those allegations are sufficient as against the demurrer interposed. We are not here concerned with what an answer to the bill may reveal, as was the case in Ex parte Stephens, 233 Ala. 167, 170 So. 771 where the answer set up that the estate owed debts; that the lands sought to be sold were subject to the payment of those debts; and that the administratrix had filed a petition in the probate court for an order of sale of the lands for the payment of the debts of the estate.

The decree of the lower court is reversed, one is here rendered overruling the demurrer to the bill as last amended, and the cause is remanded. Respondents will be given 20 days in which to answer as they may be advised.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.