# McMath v. DeBardelaben.

*Bill in Equity for the Partition of Lands.*

1. *Partition of lands; jurisdiction of court of equity, when title legal and possession adverse.*—A court of equity will take jurisdiction to decree partition of lands, the title to which is strictly legal, and of which the complainant has not possession, actual or constructive, but which are held or claimed adversely to him.

2. *Same.*—When the title is purely legal, the intervention of a court of equity to decree partition of lands is not matter of judicial discretion, but, if the title is admitted, or is clear, is matter of right in the party invoking it; nor is the jurisdiction in such case dependent upon the existence of particular facts or circumstances, rendering inadequate the legal remedy, but is concurrent with that of courts of law; and until the jurisdiction of those courts has been put into exercise, the court will intervene, though no special cause of intervention may be shown.

3. *Same.*—Prior to the statute (Code, 1876, § 3893), if the title was purely legal, the fact that it was disputed did not oust or exclude the jurisdiction of a court of equity to decree partition of lands, but was merely a cause for directing that the issues of fact should be determined in a court of law, and that proceedings should be stayed until they were determined; and under the statute, by its express provisions, such issues may, if the chancellor so directs, be tried as other issues out of chancery.

4. *Same.*—The statute treats a suit in equity for partition, though the title be legal, as essentially an adversary suit, and contemplates that all questions arising in its progress shall be within the jurisdiction of the

[McMath v. DeBardelaben.]

court, and subject to its determination; the mere circumstance of an adverse possession, if the complainant has an immediate right of entry, will not prevent the jurisdiction of the court from attaching; and the fact that such adverse possession appears upon the face of the bill, is not material.

APPEAL from Tuscaloosa Chancery Court.
Tried before Hon. THOMAS COBBS.
The facts are sufficiently stated in the opinion.

VAN HOOSE & POWELL, for appellant.

A. C. HARGROVE, A. B. McEACHIN and J. M. MARTIN, *contra.*

BRICKELL, C. J.—The original bill, filed by the appellant, seeks the partition of lands, and, incidentally, an account of rents and profits. The allegations are, that the father of the complainant died intestate, seized and possessed of the lands, whereby, *eo instanti* his death, they descended to the complainant and his brothers and sisters, as tenants in common. Subsequently, without authority, the mother of the complainant made a sale and conveyance of the lands, purporting to pass the fee simple, and by mesne conveyances they have passed into the possession of the defendant, who holds and claims them adversely; he, and those under whom he claims, having had adverse possession for more than ten years, barring the entry of the brothers and sisters of the complainant, but not barring his right of entry, because of his infancy until a period of less than three years before the filing of the bill. The parties trace title to and from the father of the complainant. A demurrer was taken to the bill, assigning numerous causes, which was sustained by the chancellor. There is presented really but a single question; and that is, whether a court of equity will take jurisdiction to decree partition of lands, the title to which is strictly legal, of which the complainant has not possession, actual or constructive, but which are held and claimed adversely to him.

The jurisdiction of a court of equity to decree partition of lands owned or held jointly, or in common, whether the title is legal or equitable, can not be questioned.—*Deloney v. Walker*, 9 Port. 497; *Horton v. Sledge*, 29 Ala. 478; *Arnett v. Bailey*, 60 Ala. 435. If the title is purely legal, the intervention and aid of the court is not matter of judicial discretion, but, if the title is admitted, or is clear, is matter of right in the party invoking it.—*Deloney v. Walker, supra; Baring v. Nash*, 1 Ves. & B. 554; *Smith v. Smith*, 10 Paige, 470. Nor is it dependent upon the existence of particular facts or circumstances rendering inadequate the legal remedy. The jurisdic-

[McMath v. DeBardelaben.]

tion of the court, if the title be purely legal, is concurrent with that of courts of law; and until the jurisdiction of those courts has been put in exercise, the court will intervene, though no special cause for intervention may be shown. Practically, in this State, the common-law remedy by writ of partition fell into disuse at an early day, and was superseded by a more summary and simple remedy provided by the territorial statutes, which remained in force until the adoption of the Code of 1852.—Clay's Digest, 386–9. These statutes, with modifications it is not now material to notice, were introduced into the Code, and yet remain, prescribing the only remedy for partition now known to our law, other than that which a court of equity can afford.—Code of 1852, §§ 2677–9; Code of 1876, §§ 3497–3520. It is by the statutes expressly declared, that the remedy prescribed by them is not exclusive, preventing a resort to other legal remedies, and that it does not extend to cases in which an adverse title or claim is asserted.

If, in the progress of a suit in equity for partition, a question involving the equitable title arises, the court of course determines it; for the investigation and determination of equitable titles, their recognition and enforcement, lie peculiarly and exclusively within the province of the court. Freeman on Cotenancy and Partition, § 439; *Coxe v. Smith,* 4 Johns. Ch. 276. The title, whether legal or equitable, is, in all suits for partition, drawn in question to some extent, directly or incidentally. If the title, though purely legal, is undisputed, or, if disputed, is clear; or, if the dispute involves no matter of fact, simply a question of law; the practice of the courts in this State has been, not to regard it as an impediment to the exercise of jurisdiction. In *Deloney v. Walker, supra,* the parties asserted a purely legal title, descending to them as heirs; and the only point of contention was, as to the construction of the statute of descents. This question the court determined, and decreed partition. In *Horton v. Sledge, supra,* the case involved a pure question of law—the construction of the limitations of a legal conveyance, under which the complainant claimed title, which the court determined. There was, however, a disputed fact involved, upon which the title of the complainant depended; the precise time of his birth. The court declined to determine the fact, but suspended or stayed proceedings until, in an action of ejectment at law, the fact was determined. Thus, in effect, this court has declared, that the existence of disputed questions of law, or of disputed facts, upon which a legal title may depend, is not an obstacle or impediment to the exercise of jurisdiction by a court of equity, will not oust or exclude jurisdiction, but is merely a cause for directing that the issues of fact should be determined in a

[McMath v. DeBardelaben.]

court of law, and that proceedings should be stayed until they were determined. If the existence of the disputed questions of law or of fact had been an objection to the jurisdiction of the court, there could not have been any other alternative than the dismissal of the bill. Since these decisions, the statute has declared, that " in all suits for partition of lands or real estate, commenced in any court of chancery in this State, if the defendant by his answer denies the title of the complainant, the chancellor need not dismiss the bill, or delay the suit until a trial can be instituted and had at law; but, in such case, the issue between the parties as to the title of the complainant may, if the chancellor so directs, be tried as other issues out of chancery," etc.—Code of 1876, § 3893. ' Other issues of fact in chancery are triable by a jury before the chancellor, or sent to a court of law, as in the discretion of the chancellor may be directed. The statute was enacted soon after the decision in *Horton v. Sledge, supra*, in which the proper practice was declared to be the suspension of proceedings, until, in an action of ejectment at law, the disputed questions of fact were determined. The purpose of its enactment manifestly was a change of this practice, authorizing a determination of the whole case in the court of chancery. This was its construction soon after its enactment, in *Ormond v. Martin*, 37 Ala. 605, this court saying : " The rule of law which required an action at law to settle a controverted question of legal title, arising in a chancery proceeding for the partition of land, is changed by statute in this State ; and it is not now indispensable that such suit should be had."

Whether the fact that, at the institution of a suit in equity for the partition of lands, the defendant has open, notorious, exclusive possession, claiming in hostility to the title of the complainant, not so long continued as to bar the right of entry, precludes the jurisdiction of the court, is a question embarrassed by a conflict of authority. The defendant being in possession under a conveyance from a stranger to the title of the complainant, purporting to pass the entire estate in fee simple, and claiming the lands as his own and for himself exclusively, must be regarded as having disseized the complainant ; however clear his title may seem to be, there remains to him only the right of entry which will support ejectment, or the corresponding statutory real action. We are not aware of any authority in England, which declares that the disseizin of a tenant, not so long continued as to bar the right of entry, is an impediment to the exercise of the jurisdiction of the court. All controversies there arising as to the legal title, if not determined by the court, are regarded only as cause for staying proceedings and directing actions at law.—*Parker v. Gerard,*

[McMath v. DeBardelaben.]

Ambler, 236; *Baring v. Nash*, 1 Ves. & B. 566; *Giffard v. Williams*, L. R. 8 Eq. 494; *Munroe v. Walbridge*, 2 Aik. 410. What is the weight of authority prevailing in this country, it is not necessary to discuss. We are inclined to the idea that the better opinion is, that the mere circumstance of an adverse possession, if the complainant has an immediate right of entry, will not prevent the equitable jurisdiction from attaching.—*Hawley v. Soper*, 18 Vermont, 320; *Miller v. Dennett*, 6 N. H. 109; *Marshall v. Crehore*, 13 Metc. 462; *Godfrey v. Godfrey*, 17 Ind. 6; *Howey v. Goings*, 13 Ill. 95; *Overton v. Woolfolk*, 6 Dana, 371; *Obert v. Obert*, 2 Stockton (Ch.), 98; *Little v. Cooper*, *Ib.* 273; *Lucas v. King*, *Ib.* 277; *Tabler v. Wiseman*, 2 Ohio St. 207. However this may be, it is apparent the statute to which we have referred treats a suit in equity for partition, though the title be legal, as essentially an adversary suit; and contemplates that all questions arising in its progress shall be within the jurisdiction of the court, subject to its determination, avoiding delay in the administration of justice, and a multiplicity of suits with a·consequent increase of costs. The court has full power to avail itself of the aid of a jury, and there is no danger that either party will be deprived of the constitutional right to a trial by jury of all litigated questions of fact. The very purpose of the statute is the enlargement of the jurisdiction of the court, rendering the remedy more efficacious and complete. If upon the face of the bill, the fact of the adverse possession of the defendant had not been disclosed—if it had been first made apparent by the answer of the defendant, pleading or averring it in opposition to, or denial of the title of the complainant, there can be no ground for saying that it would have affected the jurisdiction. The statute could not have been obeyed, unless the court had entertained jurisdiction, proceeding to try and determine the fact of adverse possession, calling in, if necessary, the aid of a jury. That the fact appears upon the face of the bill is not material; the jurisdiction of the court is plenary for the determination of its effect. There is much of convenience in the practice the statute prescribes, and it is incapable of injury to any party in interest..

The chancellor was in error, in sustaining the demurrer; and the decree must be reversed, the demurrer overruled, and the cause remanded.