[Sellars et al. v. Friedman et al.]

# Sellars *et al. v.* Friedman *et al.*

*Bill in Equity to Sell Lands for Partition.*

1. *Jurisdiction of Chancery Court to sell lands for partition, when held adversely.*—Code 1886, § 3262, which provides that the Chancery Court shall have jurisdiction concurrent with the Probate Court to sell for division or partition lands held by joint owners, or tenants in common, does not confer upon Chancery Courts jurisdiction of a suit for the sale of lands for partition, where a defendant holds possession adversely under a claim of title founded on disputed facts—nor has either the Probate or Chancery Court jurisdiction of such a suit independently of the statute. (*McQueen v. Turner*, 91 Ala. 273, criticised.)

APPEAL from the Chancery Court of Tuscaloosa.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellants against the appellees, and prayed for the sale of certain described land for partition. On the final hearing of the cause, on the pleadings and proof, the chancellor decreed that the bill be dismissed at the cost of the complainants. Complainants now bring this appeal, and assign this decree of the chancellor as error.

The bill alleged that the complainants and the defendant, J. J. H. Sellars, were the sole heirs of their mother, Mrs. P. M. C. Sellars; that the said Mrs. P. M. C. Sellars died seized of certain described property; and that the complainants and the said defendant, J. J. H. Sellars, being the only heirs, are entitled to have the property partitioned equally, and, therefore, prayed that a sale of said lands be had for that purpose. The bill also averred that on the 11th of May, 1883, the said J. J. H. Sellars filed his petition for the partition of said lands in the Probate Court of Tuscaloosa county; that upon the hearing of said petition an order of sale of said lands was granted, commissioners appointed to make said sale; and that on July 13, 1883, in pursuance of said order of the court, the commissioners made what the bill alleged was a pretended sale of said land, at which sale B. Friedman & Co. became the purchasers.

The bill further alleged that this pretended sale was null and void because some of the complainants, who were then minors, had no notice of said petition, and were not represented at the hearing of said cause, or at the sale, and that B. Friedman & Co., who were the nominal purchasers, had

never paid the amount bid at said sale. The bill further averred that the said Mrs. P. M. C. Sellars owned the land, through two separate deeds from her husband, Isaiah Sellars, which two deeds recited a consideration that the said Isaiah Sellers had purchased the lands with the money of said Mrs. P. M. C. Sellars, which was her statutory separate estate.

In the answer of the defendants these material allegations of the bill were denied; and it was alleged in said answer that the deeds from Isaiah Sellars to Mrs. P. M. C. Sellars were null and void as being fraudulent conveyances, and made for the purpose of hindering, delaying and defrauding the creditors of the said Isaiah Sellars; that B. Friedman & Co. claimed title to the land in controversy—1st, through the sheriff's deed at a sale under execution levied upon the said property under a judgment recovered against the said Isaiah Sellars; 2d, through a quit-claim deed from Isaiah Sellars to B. Friedman & Company; 3d, through certain tax deeds.

The defendants in their answer also alleged the possession and adverse holding of said property.

Upon the submission of the cause on the pleadings and proof, the chancellor dismissed the complainants' bill.

J. J. MAYFIELD, and ROBISON BROWN, for the appellants.

WM. C. FITTS, and ORMAND SOMERVILLE, for the appellees.

COLEMAN, J.—The bill was filed by appellants, for the purpose of obtaining a decree for the sale of land for partition. The answer and evidence raise the question as to whether the Chancery Court has jurisdiction to sell land for partition, where it is resisted by an adverse claimant in possession. The decisions of this court on this proposition are not in harmony, and it becomes necessary to consider the question again. It can not be doubted that from the earliest decision of this court, down to the adoption of section 3262 of the Code of 1886, the Chancery Court did not have jurisdiction to sell lands for partition.—*Delany v. Walker*, 9 Por. 497; *Harkins v. Pope*, 10 Ala. 493 ; *Wilkinson v. Stuart*, 74 Ala. 198.

The jurisdiction of a court of equity to decree partition of lands can not be questioned, but this jurisdiction did not extend to cases where the legal title of plaintiff was denied and its validity depended upon questions of fact which were controverted. In such cases partition was not decreed until

[Sellars et al. v. Friedman et al.]

the titles were settled in a proper forum—*Horton v. Sledge,* 29 Ala. 478. This was the law and practice, until the adoption of the statute, now embodied in section 3588 of the Code of 1886, by which it is provided, in cases for partition in the Chancery Court, that when the defendant denies the title of the plaintiff, a jury may be summoned to attend the Chancery Court to determine the issue of fact. Section 3588, *supra,* has been frequently considered. Its application is confined to cases for partition of land. It has no reference to cases where the purpose is to obtain a decree for the sale of land for partition. These questions were elaborately considered in the case of *McMath v. DeBardela-ben,* 75 Ala. 68, and satisfactorily determined. Under the law as it then existed, neither the Chancery Court nor the Probate Court had authority to decree a sale of lands for partition or distribution where the sale was resisted by one in possession holding under an adverse title, resting upon disputed questions of fact.

It is not pretended that jurisdiction in such cases has ever been conferred upon the Probate Court. In fact, it is expressly denied. Has such jurisdiction been conferred upon the Chancery Court? The only authority for claiming such power for the Chancery Court, is to be found in section 3262 of the Code of 1886, which became law by the adoption of the Code of 1886. That section reads as follows : "The Chancery Court shall have concurrent jurisdiction with the Probate Court · · · to sell for division or partition any property, real, personal or mixed, held by joint owners or tenants in common." Without this section, it is conceded, that the Chancery Court, has no jurisdiction to sell land for division or partition where the defendant holds possession adversely under a claim of title founded upon disputed facts. It is also clear, and has been so decided, that this section did not enlarge the jurisdiction of the Probate Court. By the section itself, the jurisdiction of the Chancery Court is made concurrent with the Probate Court. Without this section, the Chancery Court had no jurisdiction to sell lands for purposes of partition, or division. By virtue of this section it has concurrent jurisdiction with the Probate Court to sell lands for division or partition, and in no other cases. This was the construction placed upon this section of the Code in the case of *McEvoy v. Leonard,* 89 Ala. 455 ; reaffirmed in *Keaton v. Terry,* 93 Ala. ҧ5 ; recognized in *Johns v. Johns, Ib.* 239. The statute, considered in connection with the various decisions of this court, prior and subsequent to its adoption admits of no other construction. The distinc-

[Sellars et al. v. Friedman et al.]

tion attempted to be drawn between the cases of *McQueen v. Turner*, 91 Ala. 273 and *McEvoy v. Leonard*, 89 Ala. 455, *supra*, can not be maintained. The jurisdiction of the Chancery Court in cases of partition, and its jurisdiction, to sell for division or partition, as conferred by section 3262 of Code, *supra*, was not properly stated in the case of *McQueen v. Turner*, 91 Ala. *supra*.

The bill of complaint should not have been dismissed finally. Whether the deeds of conveyance from Isaiah Sellars to his wife, were fraudulent and void depend upon disputed questions of fact. Complainants claim through their mother the wife of Isaiah Sellars, through these deeds. The material defendants, Friedman & Co., among other defenses, claim under a sheriff's deed, to Watson. Watson was a creditor of Isaiah Sellars. His debt antedated the deed of Sellars to his wife. Friedman & Co. purchased from Watson. The defendants deny the title of complainants, and hold under an adverse claim of title. The question of titles must be determined, before any court has jurisdiction to decree a sale of the lands for division or partition. We deem it improper at this time to express any opinion upon the facts of the case, or the effect of the tax title deeds, or the proceedings in the Probate Court by J. H. Sellars for a partition of the property.

Adult parties, whose claims may be resisted upon grounds, not available against minors should not be united as plaintiffs with minors to the prejudice of such minors. We are led to make this suggestion in view of the fact that the evidence discloses the execution of a mortgage and perhaps a deed by some of the complainants, and which possibly divested the title of the grantors if it should be found that the title acquired by complainants through their mother was superior to that acquired at sheriff's sale, or otherwise, by defendant.

Minors may redeem in some cases when such rights may have been lost by the *laches* of adults.

A decree will be here rendered, modifying the decree of the Chancery Court, so that the bill of complaint will stand dismissed but without prejudice.

Modified and affirmed.