# Davis *et al.* v. Bingham *et al.*

*Bill in Equity for Sale of Land for Division.*

1. *Sale of land for division; equity has no jurisdiction when land adversely held.*—Under the provision of the statute (Code, § 3262), the chancery court has concurrent jurisdiction with the probate court to decree a sale of lands for equitable division among tenants in common; but a court of equity has no jurisdiction to decree a sale of lands for division when one of the defendants is in actual possession of the land, claiming under title in hostility to complainants.

2. *Same; parties to a bill therefor*—The personal representatives of deceased tenants in common are necessary parties to a bill filed for the sale of land for division or for partition, unless it is averred that their estates owe no debts.

3. *Same; when relief can be granted.*—Although a court of equity has no jurisdiction to sell lands for division, which are adversely held under a claim of title, hostile to complainants, still if the bill filed avers facts sufficient to invoke the jurisdiction of a court of chancery upon some other equitable ground, not rendering the bill multi-

[Davis *et al.* v. Bingham *et al.*]

farious, the court will entertain the bill for all purposes necessary to do complete justice, and may decree a sale for division.

4. *Bill to cancel deed as cloud on title; complainants must be in possession.*—A bill in equity to cancel a deed as a cloud upon title can not be maintained unless the complainant is in possession of land.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellants against the appellees. The decision on the present appeal renders it unnecessary to set out any facts, in addition to those stated in the opinion.

On the final submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed for, and ordered the bill dismissed. The complainant appealed from this decree, and assigns the rendition thereof as error.

MARTIN & BOULDIN, for appellants.

SHELBY & PLEASANTS, *contra*.—1. The complainants were not entitled to maintain the bill.—*Vandiveer v. Stickney*, 75 Ala. 227; *Collins v. Johnson*, 57 Ala. 307; *Sumner v. Stevens*, 6 Metcalf, 388; *Humes v. Bernstein*, 72 Ala. 556; *Alexander v. Wheeler*, 69 Ala. 339; *Shorter v. Smith*, 56 Ala. 208; *Stevenson v. Anderson*, 87 Ala. 228.

2. It is an unquestionable rule that a court of equity will not entertain a bill to remove a cloud from title when a defendant is in possession of the land with color of title.—*Baines v. Powers*, 64 Ala. 3ʿ1; *Daniel v. Stewart*, 55 Ala. 281; *Curry v. Peebles*, 83 Ala. 225.

HEAD, J.—The bill was filed on the 12th day of February, 1891, in the chancery court, to procure a decree for the sale of land, for division among tenants in common, upon the ground that it could not be equitably partitioned among them. The complainants claim title as the heirs of James Bingham, deceased, who was seized and possessed of the land at the time of his death in 1861, and they allege that the defendants are also the owners of certain interests therein as heirs of the same ancestor. The bill also alleges that one of the defendants,

Lewis Bingham, Sr., claims to be the owner of the entire right, title, and interest in said land under a deed which he procured from his father, Thomas Bingham, purporting to convey the entire fee therein, and that said Lewis Bingham, Sr., claims that his father procured a title to said land by ten years possession under claim of right after the death of James Bingham, and previous to the execution of said deed, although it alleges the fact to be that Thomas Bingham never held adversely to them. The answer of Lewis Bingham, Sr., which was adopted by the other defendants, denies the title of the complainants, asserts the loss of their title by reason of the alleged adverse possession of Thomas Bingham for the statutory period, and insists that the respondent acquired a good absolute title by the said conveyance from Thomas Bingham to him, which was executed on the 8th day of December, 1887, since which time, he states, he has been in possession of said real estate continuously. It will thus be seen that an issue of fact was presented by the bill and answer upon the question of adverse possession *vel non*, by Thomas Bingham, the grantor of the main defendant.

Much testimony was taken, the parties on both sides proceeding as if the action were ejectment, and the litigated questions in the case seem to have been whether Thomas Bingham had been in uninterrupted possession of the land for a period of ten consecutive years, exclusive of the period during the civil war, when the operation of the statutes of limitation was suspended, and if so, whether his possession was hostile to, or in recognition of, the heirs of James Bingham, his son. By far the larger part of the mass of testimony found in the record relates to the questions of the fact, duration and character of Thomas Bingham's possession of the land, or a part thereof, prior to the conveyance to Lewis Bingham, Sr., and to these questions counsel have entirely directed their arguments in the briefs on file. As we will be forced to declare, for reasons to be hereafter stated, that the chancery court was without jurisdiction to render a decree for the sale of the land, which was the decree sought by the bill, we will express no opinion on this issue of fact.

The testimony shows without dispute, that at the time of the filing of the bill, the respondent, Lewis

Bingham, Sr., was in the actual possession of a portion of the land, having caused five acres thereof to be cleared and fenced, in 1890, which he subsequently cultivated, and that he claimed all of it, under the deed from his father, which was good as color of title and which served to extend his actual possession to the entire tract. This defendant being in possession under a conveyance from a stranger to the title of complainants, purporting to pass the entire estate in fee simple, and claiming the lands as his own, and for himself exclusively, must be regarded as having disseized the complainants; however clear their titles may seem to be, there remains in them, only the right of entry, which will support ejectment, or the corresponding statutory real action.—*McMath v. DeBardeleben*, 75 Ala. 68. This operated as a disseizin or ouster of the complainants, destroying the holding together as joint owners, and fixed such ouster as a true existing status. Although this situation of the parties would not oust the jurisdiction of the chancery court to decree partition, unless we depart from our more recent holdings, it would prevent a decree of sale for division in this case. The jurisdiction of the court of chancery to order a sale of land for division among adult tenants in common, is of statutory creation in this State. It was first authorized by section 3262 of the Code of 1886, which vested in the chancery court concurrent jurisdic with the probate court, in such cases. In the case of *McQueen v. Turner*, 91 Ala. 273, upon which complainant doubtless relied in filing this bill, we considerd sections 3262 and 3588 in connection, and declared as the result of their joint operation, that the same rule would apply as in bills for partition merely, in respect of which it was well settled that a disseizin and ouster of some of the joint tenants, by another tenant under claim of title, for a period short of the time required to vest an indefeasible title under the statute of limitations, would not defeat the jurisdiction of the chancery court. In the case of *Gore v. Dickinson*, 98 Ala. 363, we made a contrary declaration as to the jurisdiction of the chancery court to sell land adversely held for equitable division. Our decisions being in conflict, we examined the question in *Sellers v. Friedman*, 100 Ala. 499, when we held our former exposition of the statutes, in *McQueen v. Turner*, *supra*, to be unsound. Since then we have

cited the case of *Sellers v. Friedman*, and others to the like effect, with approval in *Kilgore v. Kilgore*, 103 Ala. 614. The result of these decisions is to place the jurisdiction of the chancery and probate courts to decree a sale of land for equitable division under the Code of 1886 upon the same plane, so, that such adverse holding or assertion of title as would defeat the one would be held sufficient to defeat the other. A proceeding in the probate court either for partition or sale for division can not be made to serve as a substitute for an action of ejectment, neither can a bill in chancery for a sale under section 3262 of the Code be made to serve a like purpose. It appearing, therefore, in this case, that one of the defendants was in the actual possession of a portion of the land when the bill was filed, claiming all of it, under color of title, in hostility to complainants, whose title must first be established by an adjudication favorable to them, of the claim of ten years adverse possession by Thomas Bingham, asserted by the defendant, Lewis Bingham, Sr., before they would be entitled to a sale for division, the chancery court was without jurisdiction to render the desired decree. It did not err in dismissing the bill. See *Hillens v. Brinsfield*, 108 Ala. 605.

Upon the authority of *Sellers v. Friedman*, 100 Ala. 499, *supra*, and that further litigation, if any there may be, may not be embarrassed by an absolute dismissal of this bill, we will modify the decree so as to direct that the dismissal shall be without prejudice. The General Assembly, by an act approved January 31st, 1895, has amended section 3588 of the Code, so as to extend its operation to bills filed for sales for partition, and thus meet the difficulty in the way of the exercise by the chancery court of jurisdiction in cases situated as this is. Acts of 1894–95, p. 331. That act, however, cannot avail the complainants on this appeal. Inasmuch as the complainants may prefer, if necessary, to further contest with the defendants, to file a new bill under the authority of said amendatory act, rather than to resort to an action of ejectment, we deem it not improper to suggest, as we have done in other similar cases, that when a bill seeks to have land sold for partition, the safer practice is to bring in as parties the personal representatives of deceased tenants in common, unless averment and proof are made

that the estate owes no debts.—*McQueen v. Turner*, 91 Ala. 273 ; *McEvoy v. Leonard*, 89 Ala. 455.

The bill cannot be maintained as one to cancel a deed, as a cloud on the title, because complainants are not in possession.   If there had been shown some independent ground of equitable interposition, the court, to do complete justice, might have decreed a sale for division, notwithstanding the difficulty, arising from the adverse holding.—*Kilgore v. Kilgore*, 103 Ala. 614, *supra*.

The decree of the chancery court is modified so as to order the bill to be dismissed without prejudice, and as thus modified, it is affirmed.

Modified and affirmed.