# Crausby, *et al. v.* Crausby, *et al.*

*Bill to Redeem From Foreclosure Sale.*

(Decided Dec. 21, 1909.—51 South. 229.)

1. *Judgment; Res Adjudicata.*—Under rule 28, Ch. Pr., the dismissal of a bill for want of prosecution, with costs against complainant, is a bar to another suit, where a dismissal on the merits will constitute such a bar.

2. *Same.*—Where a bill for partition is dismissed under rule 28, Ch. Pr., although having the effect of a dismissal on the merits, it does not necessarily determine that the complainant in the bill had no title or that the respondent had the title, but determines only that a sale could not be had under section 5231, Code 1907.

3. *Same; Conclusiveness.*—A judgment of a court of competent jurisdiction rendered on the merits is final and conclusive of the matter in controversy, including what might or ought to have been litigated in the suit, as between the parties thereto.

4. *Same; Parties.*—Where a decree was rendered in a partition suit to sell land among tenants in common, dismissing the bill on its merits with costs to the complainant is not a bar to a subsequent suit to redeem the land from execution sale against complainant of his interest in the land, and for a sale in partition, where the parties are not identical though some of the parties are the same; the question to be litigated in the subsequent suit not being necessarily litigated in the former suit.

Dowdell, C. J., dissents.)

APPEAL from Covington Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Thomas Crausby, and others, against William Crausby, and others, to redeem land from foreclosure sale. There was a decree holding the pleas filed by respondents sufficient, and complainants appeal. Reversed and remanded.

CLIVE E. REID, for appellant.—Title was not necessarily litigated or settled between the parties in suits or bills for partition, and hence, the partition proceedings were not a bar to the present suit.—*Wood v. Wood,* 134 Ala. 566; *Greenwood v. Warren,* 121 Ala. 71. Due process of law means that a party shall have an opportunity to be heard in his day in court followed by a judgment of the court upon the merits of the controversy.—*Zeigler v. S. & N.,* 58 Ala. 594; *Dorman v. The State,* 34 Ala. 216; *In re Gannon,* 5 L. R. A. 359; 8 Cyc. 1080.

FOSTER, SAMFORD & PRESTWOOD, and PARKS & RANKIN, for appellee.—The pleas were sufficient and the court so held.—Sec. 5205, Code 1907; *Brown v. Hunter,* 121 Ala. 210; *Morrison v. Morrison,* 105 Ala. 635; Rule 28, Ch. Pr. Sec. 5231, Code 1907; *Traub v. Fabian,* 49 South. 240; *Warrior v. Ala. State L. Co.,* 45 South. 53; *N. E. M. S. Co. v. Davis,* 122 Ala. 555; *Burgess v. Amer. Mtg. Co.,* 119 Ala. 659; *Williams v. Wood,* 121 Ala. 536.

MAYFIELD, J.—The complainants filed their bill against respondents to redeem certain lands therein described from an execution sale, at which sale one of the respondents purchased and thereafter conveyed the timber and timber rights in and to the lands to the other respondents, and then seek a sale of the lands for partition among the parties to the suit, and also seek to charge the respondents as for waste, rents, incomes, and profits as to the common property. To that part of the bill which seeks a sale of the lands for partition and distribution among the joint owners, the defendants filed separate pleas in bar, setting up the fact that prior to the filing of this bill some of the complainants

to this bill filed a bill in the chancery court.of Covington county, against the respondents and other of the complainants, seeking to sell these identical lands for partition among the joint owners or tenants in common, and that that bill was dismissed for want of prosecution, and the complainants were taxed with the costs, and that, under and in accordance with rule 28 of the chancery practice of this state, the decree of dismissal was a bar to this suit, in so far as it seeks a sale of the same lands for partition between the same parties. The cause was set down for hearing on the sufficiency of these special pleas. The chancellor decreed that the pleas, or one thereof, was sufficient. From that decree this appeal is prosecuted. The only question for review is the sufficiency of this plea.

This question depends upon the facts as to whether or not the decree dismissing the first suit for want of prosecution, in connection with rule 28 of the chancery practice, is a bar to this suit in so far as it seeks to sell these lands for partition among the joint owners. But for the chancery rule there would be no question that the first decree would not be res judicata as to the second suit. The rule is as follows: "Dismissal, When Equivalent to Dismissal on Merits.—If the complainant, after the cause is set down to be heard, cause the bill to be dismissed on his application, or if the cause is called on to be heard in the court, and complainant makes default, and by reason thereof the bill is dismissed, then and in such case dismissal, unless the court otherwise orders, is equivalent to a dismissal on the merits, and may be pleaded in bar to another suit for the same matter." The evident purpose and effect of the rule was to give the same effect to decrees dismissing suits under the conditions specified in the rule as is given to decrees dismissing bills on their merits.

This the rule clearly and expressly states. If the former suit had been dismissed on its merits, and that dismissal would be a bar to this suit, then the dismissal, as alleged in the pleas, is a bar also by virtue of the rule.

We do not think that the dismissal of the former suit in either event would be a bar to this suit, even to the extent of selling the lands for partition or distribution; and it was only to this extent that the pleas were interposed as a defense. While the subject-matter is the same, and some of the parties are the same, the parties are not identical. The questions to be litigated in the two cases are by no means necessarily the same. The complainants may be entitled to sale under this bill for partition, though it be conceded they were not entitled to partition before. The other suit did not and would not necessarily determine that complainants had no title, nor that respondents had title, but all that it necessarily determined was that a sale would, or could, not be had under the statute (section 5231, Code 1907). The statute only authorizes the sale when the lands cannot be equitably partitioned among the joint owners or tenants in common. While title to the lands may be inquired into, if the sale is in the chancery court, it does not necessarily follow that it must be so inquired into, further than to determine the extent of interest or aliquot part of each tenant in common, so that a distribution or division may be had of the proceeds in case of a sale. In the case of *Davis v. Bingham,* 111 Ala. 296, 18 South. 660, it was held that the jurisdiction of chancery and probate courts to sell lands for equitable division was both statutory and concurrent, and that a proceeding to sell lands under either statute could not be made to serve as a substitute for an action of ejectment to determine title to land; that such was not the object or purpose of the statutes.

It is true that the jurisdiction and powers of the
chancery court have been extended, and the statutes
amended in this respect, since the decision of the case
of *Davis v. Bingham, supra,* and questions of title or
adverse possession may now be determined if the pro-
ceeding shall be in the chancery court; yet it does not
follow that such disputed questions of title and adverse
possession are determined in every suit to sell for parti-
tion or distribution. In fact, it appears from the bill
and pleas that the question of title of the complainants
to the lands was not determined in the first suit. The
decree dismissing the suit brought by them ordered an
execution against the complainants. The execution was
levied on these lands, and their interest therein sold,
and bought by these respondents. It is from this sale
and proceeding that the complainants now seek to re-
deem. The respondent Elliott was not a party to the
first suit when the bill was dismissed. The bill was
amended by striking out, as to him, before the decree.
He then had no interest in the lands, except a leasehold
interest. The bill now alleges that he has purchased
an interest in the lands from the other respondents,
and that William Crausby has, since the first suit, pur-
chased the interest of Frank Crausby, who was a party
to the first suit, but who is not such to this suit. In
fact, the bill and pleas, aside from mere conclusions,
show that the interests of all the parties are different
now from what they were before, and that the parties
are not all the same. It may well be true, so far as the
bill and pleas show, that a sale of the lands is now nec-
essary and proper, though it be conclusively shown by
the former decree that a sale was not proper or possi-
ble. That the former decree had been decided upon its
merits (which is as much as can be claimed by the re-
spondents) did not determine that this or a subsequent

sale could not be had for distribution. The fact that one of the respondents now claims the entire timber rights to all the lands, which was not the case before, may now make proper a sale which would not have been so before.

In the case of *Glasser v. Meyrovitz*, 119 Ala. 156, 24 South. 516, the rule as to the sufficiency of pleas of res judicata was well stated as follows: "No principle of law is better settled than that the judgment of a court of competent jurisdiction, rendered on the merits, as between the parties, is final and conclusive of the matter in controversy, so long as it remains unreversed. And the principle applies alike to the decrees of the court of chancery, the judgments of the courts of law, and the sentence of all tribunals of competent jurisdiction. 'When there is no question as to the jurisdiction of the court, or as to the identity of the parties, the inquiry whether the subject-matter of the controversy has been drawn in question and is concluded by a former adjudication is determined, when it is ascertained that the matters of the two suits are the same and the issues and the former suit were broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is, not what the parties actually litigated, but what they might and ought to have litigated in the former suit.'—*Tankersley v. Pettis*, 71 Ala. 186. But to support a plea of res judicata, as was said by Stone, J., in *Gilbreath v. Jones*, 66 Ala. 132: "The parties must be the same, and the subject-matter the same, the point must be directly in question, and the judgment must be rendered upon that point.' In *McCall v. Jones*, 72 Ala. 371, it was said: 'It is not only essential that the issue, or point in question, must either have been actually decided or necessarily involved in the first case, but the first judgment, sought to be pleaded in bar

[Crausby, et al. v. Crausby, et al.]

of the second suit, will not be available as a defense, unless it was a judgment on the merits of the case.' These are elementary principles, embodied in the unvarying language of text-writers and judicial tribunals.

The Supreme Court of Mississippi has thus spoken on the subject: "The doctrine of res judicata is probably as well settled and understood as any in the whole range of jurisprudence. * * * The learning is familiar to every lawyer. 'Nemo bis vexari debet pro una et eadem causa.' 'Una et eadem causa' is the test by which to determine the question of res judicata. The parties may be the same, and the property about which the controversy is may be the same, in the two suits; but what is involved in the second may be entirely different from that involved in the former, and, if so, res judicata does not apply. * * * One of the rules as to res judicata is that it must not be open to argument or inference whether the same cause was decided. It must not be doubtful or uncertain. There must be certainty that the very matter in dispute has been the subject of judicial determination."

The Mississippi case above was for partition, and the bill was dismissed on its merits after full hearing and appeal, and it was held not to have precluded complainant's title to the land, and that the plea of res judicata setting up the decree was not a bar to a subsequent suit between the same parties as to the same land. It was a much stronger case than this. Here all the parties to the suit are not the same; one of the parties filing the plea in this case not being a party when the suit was dismissed. The character and degree of title and claim to the land are shown to be different in some of the parties from what they were in the first.

The pleas in this case are addressed only to that part of the bill which seeks partition, and not that

which seeks redemption. It would be anomalous for one decree to decide that complainants have title and can and do redeem their lands from respondents, and then for another to decree that they have no title. This would be the effect if these pleas are good. The pleas contain nothing more than the bill (as amended) contains, save the conclusions of the pleader; that is, the bill sets forth all the facts substantially as set forth in the pleas.

The pleas were insufficient, and the decree of the chancellor must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, SAYRE, and EVANS, JJ., concur. DOWDELL, C. J., dissents.