(98 South. 299)

**SANDLIN et al. v. ANDERS et al.**
(8 Div. 192.)

(Supreme Court of Alabama. Oct. 18, 1923. Rehearing Denied Dec. 6, 1923.)

**1. Partition 17(2)—Title of adverse claimant in possession may be settled in suit, without prior action at law.**

Under Code 1907, § 5231, as amended by Acts 1909, p. 124, Code 1907, § 5232, as amended by Acts 1920, p. 164, and Code 1907, § 3205, as to suit for partition or sale for partition, title of adverse claimant in possession may be settled in suit for sale for partition without prior action at law to recover possession; a respondent denying complainant's title or claiming adversely being entitled, on demand, to a jury trial of the issue.

On Rehearing.

**2. Equity 246—Effect of decree sustaining demurrer to part of bill.**

The effect of sustaining a demurrer to part of a bill only is to merely strike that part, whereupon complainant may amend to cure that part or eliminate it, or, if the bill still contains equity, he may proceed thereon without amendment, and in such case it would be error to dismiss the bill.

**3. Appeal and error 917(3)—Decree sustaining demurrer to whole bill held not determination of demurrers to parts.**

The decree expressly sustaining the general demurrer going to the equity of the bill as a whole, and dismissing the bill and making no reference to the grounds of demurrer going to parts of the bill, it must be taken that the trial court did not consider or pass on them.

**4. Equity 217—Demurrer necessary to take advantage of conflict in averments.**

If, notwithstanding averment of bill for sale for partition that respondent S. is a tenant in common of the whole tract, it be thought that another averment—to the effect that by arrangement between S. and respondent A., who claims adversely, each has and holds possession of a portion of the common property of complainants and S.—shows that S. has parted with all interest in a portion of the lands, there should be a demurrer specially pointing out this, that complainants may amend to eliminate such part of the land or correct the second averment to conform to the first.

**5. Life estates 8—Bill held not to show respondent's adverse possession began 10 years before filing of bill.**

It cannot be said that the bill filed by part of the remaindermen 10 years and 3 days after the death of J., the life tenant, averring that, after death of J., respondent A. set up a claim of adverse possession in the land, but further averring that A. was holding as tenant of J., and had executed his note for the rent of the year in which J. died, shows affirmatively that adverse possession began within 3 days after J.'s death, and that thus the cause of action was barred by the 10 years' statute, so as to be demurrable on that ground.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Bill by Randolph Sandlin and others against J. A. Anders and others. From a decree sustaining demurrer to the bill, complainants appeal. Reversed and remanded.

The twenty-sixth ground of demurrer interposed to the bill is as follows:

"That the alleged cause of action set up in the bill as amended is barred by the statute of limitations of 10 years, as is shown on the face of said bill as amended."

Sample & Kilpatrick, of Hartsells, and S. A. Lynne, of Decatur, for appellants.

The court erred in sustaining demurrer to the bill. Code 1907, § 5232; Acts 1920, p. 164; Bredell v. Alexander, 8 Mo. App. 110; Norton v. Valentine, 151 App. Div. 392, 135 N. Y. Supp. 1084; Brigham City v. Chase; 30 Utah, 410, 85 Pac. 436; Berry v. Webb, 77 Ala. 507; Hahn v. Gates, 102 Ill. App. 385; Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528; Kilgore v. Kilgore, 103 Ala. 614, 15 South. 897; Body v. Hunter, 44 Ala. 705; Gulf Red Cedar Lbr. Co. v. Crenshaw, 148 Ala. 343, 42 South. 564; Pollock v. Haigler, 195 Ala. 523, 70 South. 258.

G. O. Chenault, of Albany, for appellees.

The chancery court only has jurisdiction to sell lands held by joint owners or tenants in common. Code 1907, § 5231; Roy v. Abraham, 207 Ala. 400, 92 South. 792, 25 A. L. R. 101; Jordan v. N., C. & St. L. R. Co., 131 Ala. 219, 31 South. 566; Shephard v. Mt. Ver-

---

non Co., 192 Ala. 326, 68 South. 880, 15 A. L. R. 23; Brown v. Feagin, 174 Ala. 438, 57 South. 20. The complainants are not in possession; they have a complete and adequate remedy at law. 4 Pom. Eq. (3d Ed.) § 1377; Bullock v. Knox, 96 Ala. 199, 11 South. 339; Morgan v. Lehmann-Durr Co., 92 Ala. 441, 9 South. 314. A court of equity has no power to sell lands adversely held. Kilgore v. Kilgore, 103 Ala. 620, 15 South. 897; McEvoy v. Leonard, 89 Ala. 455, 8 South. 40; Davis v. Bugham, 111 Ala. 296, 18 South. 660; McMath v. De Bardelaben, 75 Ala. 68. The action is barred by the lapse of 10 years. Richardson v. Mertins, 175 Ala. 309, 57 South. 720; Dew v. Garner, 207 Ala. 353, 92 South. 647.

BOULDIN, J. This is a suit in equity for the sale of lands for division among tenants in common. To this end the bill further seeks to cancel clouds on the title, and to adjust and apportion incumbrances.

The title to the tract of land is alleged to be in the complainants, owners of an undivided five-sevenths interest, and respondent John H. Sherrill, the owner of an undivided two-sevenths interest, all holding as heirs at law of Sarah P. Sherrill, deceased.

The bill further shows that Sarah P. Sherrill left a surviving husband, James A. Sherrill, who succeeded to the possession, and a life estate in the lands; that pending his possession the surviving husband executed a mortgage on the lands; that upon default the mortgage was foreclosed, and the lands purchased by respondent James A. Anders, who received a foreclosure deed; that this purchase by Anders was by friendly arrangement with James A. Sherrill, the mortgagor, by which Anders was to have the possession and use of the lands for the year 1906, to reimburse him for the sum paid on his purchase at the foreclosure sale, whereupon, his rights as purchaser should cease and he should continue in possession as the tenant of James A. Sherrill; that accordingly Anders did pay the rents to James A. Sherrill for the years 1907, 1908, and 1909, and executed his rent note for the year 1910. James A. Sherrill died about October 12, 1910. The bill as amended further shows that respondent John H. Sherrill, one of the tenants in common, has been in possession of a small portion of the lands since the death of James A. Sherrill; that James A. Anders has recognized his rights as an heir of Sarah P. Sherrill and as the purchaser of another share.

But it is shown that James A. Anders has, since the death of James A. Sherrill, the life tenant, held adverse possession of the remaining portion of the lands; that his right and title terminated with the death of James A. Sherrill, and he now has no interest as tenant in common in the property. It is further shown that James A. Anders executed mortgages on the property which are still unsatisfied. These mortgagees are made parties respondent. John H. Sherrill also executed mortgages on his undivided interest. His mortgagee is made a party respondent.

Complainants seek to cancel the foreclosure deed held by Anders, and the mortgages executed by him as clouds on the title.

[1] The demurrers raise the point that a court of equity is without power to sell, for division among tenants in common, lands which are in the adverse possession of one who has no title, no community interest as a tenant in common, and that complainants must first recover possession from such adverse claimant at law. This is the vital question here presented. It was early settled in this state that a court of equity had no original jurisdiction to sell lands for division among tenants in common. Deloney v. Walker, 9 Port. 497; Lyon v. Powell, 78 Ala. 351.

Our first statute conferring such power appeared as section 3262 of the Code of 1886, as follows:

"3262. *Jurisdiction of chancery court to divide or sell for division.*—The chancery court shall have concurrent jurisdiction with the probate court to divide or partition, or to sell for division or partition, any property, real, personal, or mixed, held by joint owners or tenants in common."

This statute was construed in McQueen v. Turner, 91 Ala. 273, 8 South. 863. It was there held that the adverse possession of one tenant in common, which had not ripened into title, did not oust the jurisdiction of the chancery court to proceed according to its own practice to settle the question of title and decree a sale when the property cannot be equitably divided.

In Sellars v. Friedman, 100 Ala. 499, 14 South. 277, the case of McQueen v. Turner was departed from, and the rule declared that the chancery court was given "concurrent jurisdiction" with the probate court, and was without power to sell lands for division when held adversely under claim of title. This became the established rule under the Code of 1886. Davis v. Bingham, 111 Ala. 292, 18 South. 660.

The statute was amended November 27, 1896, and appeared as section 3187 of the Code of 1896, reading:

"3187 (3262). *Jurisdiction of chancery court to divide or sell for division.*—The chancery court shall have jurisdiction to divide or partition, or to sell for division or partition, any property, real, personal, or mixed, held by joint owners or tenants in common, whether the defendant denies the title of the complainant or sets up adverse possession or not."

The amended statute was considered in Brown v. Hunter, 121 Ala. 210, 25 South. 924. After referring to decisions in Sellars v. Friedman, supra, and Davis v. Bingham, supra, the court said:

"The manifest purpose of this act was to obviate the difficulties pointed out in the two decisions last above referred to, and to avoid compelling the complainant to first establish her legal title, when disputed, in a court of law, before she could prosecute her suit in a court of equity for partition, or a sale for partition; and to permit such a bill to be maintained by a complainant out of possession as against her joint tenants or tenants in common, provided she can show that she has such an interest or title in the property, though disputed, as entitles her to share in the distribution of the proceeds."

Section 3187 of the Code of 1896 was brought forward as section 5231 of the Code of 1907, without change.

In Fies v. Rosser, 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57, the court followed Brown v. Hunter, supra, but further held that the complainants must show a present right of possession, that reversioners cannot have sale for division pending a life estate in the entire property.

Section 5231 of the Code of 1907 was further amended (Acts 1909, p. 124) so as to read:

"The chancery court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of complainant or sets up adverse possession or not; and the court in exercising its jurisdiction shall proceed according to its own practices."

The changes wrought by this act are: First. The chancery court is made one of original jurisdiction. Second. The court shall proceed according to its own practices.

Construing this act of 1909, supra, in Trucks v. Sessions, 189 Ala. 149, 66 South. 79, it was held that the effect of this last amendment—

"was to make superior, serviceable, and controlling the practices of courts of equity in exercising the power defined in the act, and to exempt a court of equity from obligation to observe statutory prescriptions in respect of the effectual exercise of the jurisdiction declared."

The Code commissioner added sections 5232 and 5233 of the Code of 1907. In explanation he appended a note at the end of the chapter saying they "were intended by the commissioner to complete the systems of partition and sale for division in this state."

Again, section 5232 was amended by Act October 6, 1920. Acts 1920, p. 164. This amended section reads:

"5232. Controverted Title and All Equities Disposed of. If the title of the complainants seeking partition or sale of lands for a division shall be controverted, *or should the title or claim of any of the parties to the cause be adverse to that of one or more of the other parties*, it shall not be necessary for the court to dismiss the bill or delay the suit for an action at law to try the title, but the question of title shall be tried and determined in the suit by the chancery court, which shall have power to determine all questions of title, and to remove all clouds upon the title, if any, of the lands, whereof partition is sought and to apportion incumbrances, if partition be made of land incumbered and it be deemed proper to do so; and the court may adjust the equities between and determine all claims of the several cotenants, *or claimants* as well as the equities and claims of the incumbrances."

The changes made by the act of 1920 are italicized.

Section 5232 of the Code of 1907 was construed by this court in Brown v. Feagin, 174 Ala. 438, 57 South. 20. After reviewing the authorities, we held that sections 5231 and 5232 did not confer the right on—

"joint owner to seek in one and the same proceeding a partition as against his recognized cotenants, and also a quieting of his title against outside parties claiming adversely to him and his cotenants without any title or interest in common with them."

The effect was to limit the trial to adverse claims, and removal of clouds upon title, to cases where there remains a community of interest of some sort between all the parties, entitling all of them to share in the partition or in the distribution of the proceeds of sale.

In Sandlin v. Sherrill, 201 Ala. 692, 79 South. 264, a suit similar to this, involving the same parties and property, was before this court. We there said:

"The bill in this cause has for its prime object the sale of lands for division among tenants in common."

The suit failed for want of proof of the jurisdictional fact that the property sold could not be equitably divided. This court modified the decree of the court below so as to dismiss the bill without prejudice. In that decision we called attention to the rule stated in Brown v. Feagin, supra, and suggested its probable application to respondent Anders.

On October 6, 1920, the amendatory act, supra, was approved. The present bill was filed soon thereafter.

This review of the course of legislation shows a growing purpose to enlarge the issues to be tried, and to extend the relief to be granted, in partition suits in equity, whether by division in kind, or by sale for that purpose. As we have pointed out by decision the limits of the statutory powers of the chancery court in the sale of lands for division, successive acts have followed to reset the stakes and enlarge the limits of such jurisdiction.

The present law of Alabama, written in section 5231, Code of 1907, as amended Acts 1909, p. 124, and section 5232, as amended Acts 1920, p. 164, may be stated as follows: (1) The jurisdiction for partition and for sale of lands for division among tenants in common are embodied in the same statutes.

(2) The chancery court is declared a court of original jurisdiction for both purposes. (3) This jurisdiction is not ousted where defendant denies title or sets up adverse possession. (4) The court proceeds according to its own rules of practice. (5) When complainant's title is controverted, or an issue of title or claim arises between any of the parties, the issue. shall be tried in the equity suit. (6) The court has power (a) to determine all questions of title, (b) to remove all clouds upon title, (c) to apportion incumbrances, and to adjust the equities between the holders thereof, (d) to adjust equities between cotenants or claimants, (e) to determine all claims of cotenants or claimants.

In construing these statutes, the important question of the right of trial by jury has always been kept in view. Nor has this right been ignored in our statutes.

Section 3205, Code of 1907, is a part of the same statutory system relating to partition of lands. It reads:

*"Practice in partition suits when title or adverse claim involved.*—In suits for partition of lands, either by metes and bounds, or by sale for division when the same cannot be equitably partitioned among the owners, if the defendant denies the title of the complainant, or asserts an adverse claim or title in himself, the chancellor need not dismiss the bill, but may direct the issue as to the title of the complainant, or as to such adverse claim or title of the defendant, to be tried as other issues of fact are triable, according to the three sections next preceding; if neither party to the suit demands a jury, the chancellor shall try such issue as to the title of complainant, or as to such adverse claim or title of defendant, together with the other facts or issues of the case."

This statute appeared as section 3466, Revised Code of 1867, and was recodified without change as section 3893, Code of 1876, and section 3588, Code of 1886. It has always appeared in the chapter on. "Trial of Issues Out of Chancery." The original statute related to suits in chancery for partition by metes and bounds. It was in force long before jurisdiction to sell for division was conferred by the Code of 1886. In McMath v. De Bardelaben, 75 Ala. 68, this statute was fully considered. The facts of that case were similar to the facts of the case at bar.

The complainant set up title. The defendant held adverse possession through a conveyance from the widow of decedent, purporting to pass the fee. The possession had been so long continued after the death of the life tenant as to bar the adult heirs, but not complainant by reason of his infancy. The court states the question at issue thus:

· Whether "a court of equity will take jurisdiction to decree partition of lands, the title to which is strictly legal, and of which the complainant has not possession, actual or constructive, but which are held or claimed adversely to him."

The court said:

"* * * It is apparent the statute to which we have referred treats a suit in equity for partition, though the title be legal, as essentially an adversary suit; and contemplates that all questions arising in its progress shall be within the jurisdiction of the 'court, subject to its determination, avoiding delay in the administration of justice, and a multiplicity of suits with a consequent increase of costs. The court has full power to avail itself of the aid of a jury, and there is no danger that either party will be deprived of the constitutional right to a trial by jury of all litigated questions of fact. The very purpose of the statute is the enlargement of the jurisdiction of the court, rendering the remedy more efficacious and complete."

In Bullock v. Knox, 96 Ala. 195, 11 South. 339, the bill for partition was by a cotenant against admitted cotenants, and another in joint possession of the property with them, claiming an interest as tenant in common, and sharing the rents, but whose title to any interest in the property was denied by complainant. The court, after quoting section 3588, Code of 1886, said:

"This statute provides for the trial of an issue as to the complainant's title made by a defendant, who is conceded to be interested in the partition, but who denies the interest of the complainant. It is not intended to cover the case of a contest between a complainant who is one of the real owners of the property and a mere stranger who has no interest in it."

The bill was held multifarious.

The doctrine of McMath v. De Bardelaben, supra, has been many times approved as applied to cases of partition by metes and bounds. Gore v. Dickinson, 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67; Ferris v. Montgomery L. & I. Co., 94 Ala. 557, 10 South. 607, 33 Am. St. Rep. 146; Sibley v. Alba, 95 Ala. 191, 10 South. 831; McQueen v. Turner, supra; Sellars v. Friedman, supra; Davis v. Bingham, supra.

This was the state of our law when the act of November 25, 1896, was passed, which now appears as section 3205, Code of 1907.

Under these present statutes, suits for partition by metes and bounds, and by sale for division, are made subject to the same rules when an issue of title is presented. Equity abhors a multiplicity of suits. The lawmakers seem to do the same, and to that end enlarge the issues that may be tried in one suit in equity in partition proceedings.

The subject-matter and purpose of the suit seem to be given controlling importance. The action relates to specific property. It deals with the res. It aims at division so that each owner may enjoy his own. This partition may be by judicial sale. The owners are concerned with getting a full price; the purchaser with getting a clear title. All questions of title should be settled, all clouds should be removed, all equities adjusted. Shall this be in one proceeding or in several,

with consequent delay and cost? One suit in ejectment does not settle title. It requires two verdicts for defendant under our statute. It may require more, owing to the judgment in each successive action.

This legislative purpose to do complete justice in one suit is shown by several amendments by the Code Committee of 1907. Note section 5229, Code of 1907, wherein counts ex contractu and ex delicto may be joined in one action at law, if they relate to the same transaction or subject-matter. Section 3095, Code of 1907, declaring a bill not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter and between the same parties. Section 3212, Code of 1907, authorizing relief in favor of one or more complainants, where all are not entitled. Section 3839, Code of 1907, makes a distinct change in the old rule which treated the ownership of lands adversely held as a mere right of entry.

It is provided that such owner may pass the title by deed, that his grantee shall sue in ejectment in his own name, and may recover for waste or other injury to the property in the same action.

Acts of 1915, p. 830, authorizing the transfer of a cause from the law docket to the equity docket, and vice versa, shows a like purpose to avoid a multiplicity of suits.

We have an act "To protect purchasers at judicial sales." Acts 1915, p. 611. A court making a sale of real estate may cause an abstract of title to be made; this to enable prospective purchasers, bound by the doctrine of caveat emptor, to examine the titles of lands being sold.

After careful study of all our statutes relating to partition of lands, in connection with our decisions leading to the changes shown above, we conclude that it is their purpose to settle all questions of title by whomsoever held in one suit in equity.

The necessary parties are one or more joint owners entitled to present possession, as parties complainant, and one or more joint owners of the same lands, as parties respondent. The proper parties include all persons claiming title to or incumbrances upon the lands or any part thereof, whether claiming through any of the tenants in common or otherwise. Any respondent denying the complainant's title or claiming adversely is entitled, on demand, to a jury trial of the issue under section 3205, Code of 1907, as a matter of right. If complainants sustain the allegation of their bill, they are entitled to all the relief set out in section 5232, Code of 1907, as amended by Acts 1920, p. 164.

The decree of the court below, not being in accord with these views, is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

BOULDIN, J. The grounds of demurrer assigned included the general demurrer (Code 1907, § 3126); other grounds directed to the bill as a whole; and still others directed to separate parts of the bill, seeking an accounting for rents, set-off between certain parties, removal of clouds on the title, etc.

The decree sustained the general demurrer, decreed there was no equity in the bill, and dismissed it as to respondents whose demurrer was sustained.

[2, 3] It is urged on rehearing that the decree should be affirmed if any of the grounds of demurrer are well taken.

A decree sustaining a demurrer to a part of a bill, has the effect of striking that part. The complainant may thereupon so amend the part stricken as to give the bill equity in that regard, or he may by express amendment, eliminate the portion stricken by demurrer, or, if the bill still contains equity, may proceed thereon without amendment as if the defective feature had been stricken on motion. In such case it is error to dismiss the bill. Pollak v. Stouts Mountain C. & C. Co., 184 Ala. 331, 63 South. 531; 21 C. J. 452.

Where, as in this case, the decree expressly sustains the general demurrer going to the equity of the bill as a whole, and dismisses the same as to the demurrants, no reference being made in the decree to the grounds of demurrer going to parts of the bill, it must be taken that the trial court did not consider nor pass thereon. They are not here presented for review.

[4] It is further insisted that the bill as last amended shows that the respondent John H. Sherrill is not a tenant in common in the entire property, that he and respondent Anders have partitioned the property in such sense as to pass to Anders the two-sevenths interest of John H. Sherrill in the portion in Anders' possession. The original bill expressly avers that John H. Sherrill is a tenant in common of the entire tract of lands; that he has mortgaged his undivided interest therein; prays for a sale of the whole and payment of the mortgage debt out of his share of the proceeds. These averments remain in the bill as amended. We construe the amendment to mean that, by arrangement between John H. Sherrill and James A. Anders, each has and holds possession of a portion of the common property of complainants and John H. Sherrill. This separate use and enjoyment is pertinent to the matter of accounting sought in the bill. There was no demurrer after amendment specially pointing out that John H. Sherrill had parted with all interest in a portion of the lands. This would be necessary in order that complainants have an opportunity to amend either by eliminating one portion of the lands, or by so correcting the averments as to conform to the original

bill in its averments of joint ownership of the entire tract.

[5] The record shows that the bill was filed 10 years and 3 days after the death of James A. Sherrill, the life tenant. It further avers that after the death of the life tenant, respondent Anders set up a claim of adverse possession to the lands then in his possession. It further avers that the respondent Anders was holding as a tenant of James A. Sherrill under a redemption agreement, and had executed his note for the rent of 1910. We cannot say the bill shows affirmatively that adverse possession began within 3 days after James A. Sherrill's death. The assignment of demurrer No. 26 was therefore not well taken.

The application for rehearing is overruled.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.